ROCHESTER TELEPHONE COMPANY, Appellant, v. LEWIS P. Ross, Respondent.

Municipal corporations — telephone companies — contract between city and telephone company granting rights to company and fixing maximum rates for telephones — consideration — validity of contract.

A grant to a telephone company, in a contract with city authorities, giving the company greater rights in the construction, maintenance and operation of its lines within the city than it had acquired by its incorporation under the Transportation Corporations Law is a sufficient consideration to uphold a covenant on the part of the company not to

charge its subscribers within the limits of the city, as then defined, more than a certain amount per instrument per year, and such covenant is binding upon the successor of the company.

*Rochester Telephone Co.* v. *Ross*, 125 App, Div. 76, affirmed.

(Argued April 29, 1909; decided June 8, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 31, 1908, in favor of defendant upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The controversy between the parties hereto arises over a contention on the part of the defendant that the plaintiff is precluded by a contract which it has heretofore entered into with the city of Rochester from raising its rates for telephone service to the inhabitants of said city.

The facts, so far as material, are stated in the opinion.

*Joseph W. Taylor* for appellant. The agreement is without consideration and void, because the telephone company derived all its rights and powers in perfect and complete form from the state, and in no respect whatever from the city. (*Barhite* v. *H. T. Co.*, 50 App. Div. 25; *City of Rochester* v. *B. T. Co.*, 52 App. Div. 6; *N. U. Tel. Co.* v. *Marsh*, 96 App. Div. 122; *Wright* v. *G. Tel. Co.*, 112 App. Div. 745; *Village of Carthage* v. *C. N. Y. Tel. Co.*, 185 N. Y. 448; *R. & L. O. W. Co.* v. *City of Rochester*, 176 N. Y. 36; *Chamberlain* v. *I. T. Co.*, 119 Iowa, 619; *Farmer* v. *Tel. Co.*, 72 Ohio St. 526; *W. Tel. Co.* v. *Oshkosh*, 62 Wis. 32; *State* v. *City of Sheboygan*, 111 Wis. 23; *Abbott* v. *City of Duluth*, 104 Fed. Rep. 833.) If the agreement is valid and enforceable between the parties to it, this defendant can derive no benefits from it, being neither a party nor privy. (*Vrooman* v. *Turner*, 69 N. Y. 280; *Garnsey* v. *Rogers*, 47 N. Y. 233; *Embler* v. *H. S. B. Ins. Co.*, 158 N. Y. 431; *Durnherr* v. *Rau*, 135 N. Y. 219; *Borland* v. *Welch*, 162 N. Y. 104.)

*James Breck Perkins* and *B. B. Cunningham* for respondent. There was a good consideration for the contract executed

by the telephone company, and for the agreements made by it which were contained therein. (*Barhite* v. *H. T. Co.*, 50 App. Div. 25 ; *City of Rochester* v. *B. T. Co.*, 52 App. Div. 16 ; *U. T. Co.* v. *Marsh,* 96 App. Div. 122 ; *Vil. of Carthage* v. *C. T. Co.*, 185 N. Y. 448 ; *Wright* v. *G. T. Co.*, 112 App. Div. 745 ; *Marshfield* v. *W. T. Co.*, 102 Wis. 604.)   The contract contains more than a franchise to do business, and more than that reasonable regulation which the plaintiff, under its franchise, might have been in position to ask.   (*H. R. T. Co.* v. *W. T. & Ry. Co.*, 135 N. Y. 393 ; *State* v. *City of Sheboygan*, 111 Wis. 23.)   The defendant is entitled to the benefit of the contract.   (*S. S. Co.* v. *M. T. Co.*, 99 Md. 141 ; *Gaedeke* v. *S. I. R. R. Co.*, 43 App. Div. 514.)

*William W. Webb, Corporation Counsel,* for the city of Rochester, intervening.   The telephone company asked and obtained from the common council the right to construct conduits under the streets of the city of Rochester.   It did not obtain that right from the state of New York, but could obtain it only from the common council of the city of Rochester.   (*H. R. Tel. Co.* v. *W. T. Co.*, 135 N. Y. 393 ; *People ex rel. N. Y. El. L. Co.* v. *Squire,* 107 N. Y. 593 ; *Close* v. *Potter,* 155 N. Y. 145 ; *McAvoy* v. *City of N. Y.*, 52 App. Div. 485 ; 166 N. Y. 588 ; *People ex rel. N. Y. El. L. Co.* v. *Ellison,* 188 N. Y. 523 ; *W. U. Tel. Co.* v. *E. L. & P. Co.*, 178 N. Y. 325 ; *Ghee* v. *N. U. Gas Co.*, 158 N. Y. 510 ; *People ex rel. W. S. El. Co.* v. *C. Tel. & El. S. Co.*, 187 N. Y. 58 ; *Parker* v. *E., C. & N. R. R. Co.*, 165 N. Y. 274 ; *S. S. Tr. Co.* v. *Brookhaven,* 116 App. Div. 749.)   There was a sufficient consideration for the contract between the plaintiff and the city of Rochester.   (*Osborne* v. *A. Tel. Co.*, 189 N. Y. 393 ; *Wright* v. *G. Tel. Co.*, 112 App. Div. 745 ; *Powers* v. *S. L. Tel. Co.*, 116 App. Div. 737 ; *Johnson* v. *N. Y. & P. T. Co.*, 76 App. Div. 564 ; *Adams* v. *Sage,* 28 N. Y. 103 ; *Barnes* v. *Ryan,* 66 Hun, 170 ; *Sears* v. *Grand Lodge,* 163 N. Y. 374 ; *White* v. *Hoyt,* 73 N. Y. 514 ; *Mayor, etc.,* v. *T. & L. R. R. Co.*, 49 N. Y. 657.)   The provision in

the contract providing for a maximum charge for telephones was inserted not for the benefit of the city, but for the benefit of its citizens who might become subscribers for telephones, and any subscriber for a telephone is entitled to take advantage of this provision of the contract. ( *Woodward* v. *M. R. L. Ins. Co.*, 178 N. Y. 485 ; *Hunter* v. *M. R. L. Ins. Co.*, 192 N. Y. 85 ; *Little* v. *Banks*, 85 N. Y. 258 ; *McMahon* v. *S. A. R. R. Co.*, 75 N. Y. 231.)

*Per Curiam.* Upon the petition of the Home Telephone Company of Rochester, N. Y., of which the plaintiff is the successor in interest, the city of Rochester entered into a contract with said telephone company in which it granted to said telephone company " The right to establish, construct, maintain and operate a system or lines of telephones for public and private use in the city of Rochester, New York, and to construct conduits, subways and manholes and to erect poles, place wires, conductors, cables, and all necessary equipments and appliances and to make house and building connections upon, along, in, over and under the streets, avenues, lanes, squares, alleys, parks, bridges, aqueducts and public places in said city, and to repair, replace, enlarge and extend the same for the business and purpose of providing means of communication between buildings, structures and places public and private in said city and for such other purposes as shall be consistent with and necessary to the successful conduct of such business."

Such grant was made reserving to the city certain rights within its police power and also upon condition that the telephone company " shall not during the life of this franchise charge to any subscriber within the present city limits for the use of said telephones any sum in excess of $48.00 per year per instrument upon metallic circuits and unlimited use day and night." The agreement was voluntarily entered into by said telephone company after application duly made by petition as stated for such grant.

It is quite clear that such grant gives to said telephone

company greater rights than it had under the Transportation Corporations Law resulting simply from the incorporation of the company. The grant to the telephone company was a sufficient consideration to uphold the covenant on its part not to charge any subscriber more than $48.00 per year per instrument as stated. Such covenant inures to the benefit of the plaintiff's subscribers who are within the limits of the city of Rochester as such limits were defined at the time when the covenant was made, and it is also binding upon the plaintiff, the successor of the covenantor in the agreement.

The validity of the said covenant is not affected by an extension of the defendant's wires. The question of further charges, if any, for telephone service extending beyond the limits of the city of Rochester as defined when the covenant was made is not now before us.

The judgment should be affirmed, with costs.

GRAY, EDWARD T. BARTLETT, HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.