## DOTY v. NORTON.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

1. DISMISSAL AND NONSUIT (§ 58*)—GROUNDS.

    That the complaint fails to state facts constituting an action at law, triable at Trial Term, would not be ground for dismissal if the complaint states any cause of action either at law or in equity, but at most would only justify an order sending the cause to the Special Term calendar.

    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134–139; Dec. Dig. § 58.*]

2. MORTGAGES (§ 33*)—CONVEYANCE CONSTITUTING.

    Where the maker of a note conveyed land to the payee in fee simple as collateral security for payment of the note, if a defeasance agreement was executed by the payee and delivered to the maker on the same day reciting the giving of the note and deed, declaring that the premises were held as collateral security for payment of the note, and covenanting to reconvey on payment of the note and interest, the deed would amount to a mortgage only, and the right to redeem would rest in the maker of the note and his assignee until foreclosure.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 67–82; Dec. Dig. § 33.*]

3. MORTGAGES (§ 226*)—SALE OF LAND HELD AS COLLATERAL SECURITY.

    If the person holding the land as security conveyed it making actual redemption impossible, equity, molding its judgment according to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facts, would presume that he held the proceeds as a separate fund, and would decree that he pay the grantor's assignee that which represents the land.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 226.*]

4. MORTGAGES (§ 605*)—REDEMPTION—NECESSITY FOR TENDER.

An action by the vendor's assignee to recover a money judgment for the value of the land less the amount due on the note is in legal effect an action for redemption though only a money judgment can be obtained, and in such an action payment or tender of the amount due on the note is not necessary as a condition to maintaining the action.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1788–1794; Dec. Dig. § 605.*]

5. MORTGAGES (§ 616*)—REDEMPTION—PLEADING—ALLEGATIONS.

An allegation, in an action to redeem from a mortgage, that the mortgagee has conveyed the premises, which were held by him under an absolute deed as collateral security, to a certain person who is now the owner and holder thereof, imports an absolute conveyance, and sufficiently negatives the possibility of a conveyance subject to the mortgagor's right to redeem.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 616.*]

Appeal from Trial Term, New York County.

Action by William W. Doty against Washington F. Norton. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward A. Alexander, for appellant.
Henry L. Brant, for respondent.

SCOTT, J. The plaintiff appeals from a judgment dismissing her complaint. The dismissal took place at the opening of the case, and proceeded upon two grounds: First, that the complaint fails to state any facts which constitute an action at law triable at Trial Term; and, secondly, that the complaint fails to state any cause of action. The first ground stated was insufficient to justify a dismissal if the complaint states any cause of action either at law or in equity. Abbott v. Easton, 88 N. E. 572. At most, if timely made, it would only justify an order sending the cause to the Special Term calendar. As to the objection that no cause of action was stated, I think that it was not well taken. The complaint alleges that on October 5, 1901, Nellie V. Sayles, plaintiff's assignor, made and delivered to defendant her promissory note, payable in one year from date, for the sum of $1,000, and at the same time, as collateral security for the payment of said note, duly granted and conveyed to defendant in fee simple certain land particularly described in the complaint; that on the same date defendant executed and delivered to said Sayles a defeasance agreement, set out at length in the complaint, which recites the giving by said Sayles of her promissory note and deed, admits and declares that the premises were conveyed to defendant and are held by him in trust and as collateral security for the payment of the note, and covenants to reconvey the land upon payment of said note and interest. He also

covenanted that he, nor his heirs or legal representatives, shall not do, or knowingly suffer or permit, any act, deed, matter, or thing whereby said premises can, shall, or may be in any wise impaired, injured, or incumbered in title, interest, charge, estate, or otherwise however. It is further alleged that some time during the year 1905 the defendant, without the consent of said Sayles and without notice to her, conveyed said real estate to one Chew, and that the said Chew is now the owner and holder of said real estate; that said real estate is fairly and reasonably worth the sum of $12,500. Assignment of the cause of action to plaintiff is alleged, and demand by her. Judgment is asked for the value of the land, less the amount due on the promissory note.

The case in its facts is very similar to Mooney v. Byrne, 163 N. Y. 861, 57 N. E. 163, which is ample authority, if authority be needed, for the proposition that the deed to defendant was in fact a mortgage, and that the right to redeem rested in the debtor until foreclosure. The plaintiff, as assignee of Sayles, still has the unimpaired right, as between herself and defendant, to redeem; but the defendant by his act in conveying away the land has made actual redemption impossible, and equity, molding its judgment according to the facts, will presume · that defendant holds the value or proceeds of the land as a separate fund in his hands, and will decree that he pay to plaintiff that which represents the land. It is unnecessary to pursue the reasoning in detail, since that has been so thoroughly done by Judge Vann in the case cited above. It is true that plaintiff does not call his action one to redeem, and asks for a money judgment, but the action is in legal effect one for redemption, although under the circumstances set forth in the complaint only a money judgment can be obtained, and therefore only such a judgment need be demanded. For this reason it was not necessary for plaintiff to pay or tender, as a condition to maintaining the action, the amount due upon the note. It is sufficient to ask, as he has done, that that amount be deducted from the value of the land in defendant's possession. The suggestion that the complaint is insufficient because it does not negative the possibility that defendant may have assigned the land subject to Sayles' right to redeem is untenable. The allegation is that he has conveyed the property to Chew, and that Chew is now the owner and holder of the same. That imports an absolute conveyance. If it was qualified in any way, it is for the defendant to set up the qualification by way of defense, which he does not do in his answer. In fact, he specifically admits that Chew is now the owner of the property, and attaches no qualification to the admission.

The judgment appealed from must be reversed and a new trial granted, with costs to appellant to abide the event.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur.

INGRAHAM, J. I concur in the result, on the ground that this action should be treated as an action to redeem, triable as such. If it appears upon the trial of the action that the defendant has so dis-

posed of the property as to make a redemption impossible, the court would be authorized to compel the defendant to account for the value of the property at the time of the trial. I do not think, upon this complaint, that the action can be sustained as an action at law, but, facts alleged having entitled the plaintiff to redeem, it was the duty of the Trial Term to have sent the action to Special Term for trial as an action in equity. In Mooney v. Byrne, 1 App. Div. 320, 37 N. Y. Supp. 388, it was held by this court that if the mortgagee had sold the property an action to redeem could not be maintained. That was reversed by the Court of Appeals (163 N. Y. 86, 57 N. E. 163), where it was held that the conveyance did not affect the right of the mortgagee to redeem, and that that was a proper remedy. The same doctrine was applied by Judge Rapallo in Meehan v. Forrester, 52 N. Y. 277, where it was held that the mortgagor was bound to account to the mortgagee for the value of the land at the time plaintiff's right to such reparation was established. I think these cases hold that an action to recover damages was not maintainable, and that the remedy of a mortgagee under these circumstances was an action to redeem.

I therefore concur in the reversal of this judgment. All concur.