CONTINENTAL ASPHALT PAVING CO. v. HUDSON & M. R. CO.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. TRIAL (§ 109*)—MOTION TO DISMISS ON STATEMENT OF COUNSEL.

A motion to dismiss the complaint at the close of counsel's opening statement was in effect a demurrer to the complaint for want of facts, and could not be sustained unless it appeared that admitting all the facts alleged a cause of action was not shown.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 270, 367, 388–395; Dec. Dig. § 109.*]

2. CONTRACTS (§ 187*)—AGREEMENTS FOR BENEFIT OF ANOTHER—FRANCHISE.

Defendant's predecessor to whose rights and obligations defendant succeeded obtained a franchise for an underground railroad in New York City, providing that the grantee would make good to the city all damages that should be done to the city's property by the construction and operation of the railroad, and would also make good to any owner of property abutting on the railroad or which should be injured by the work of construction or by operation thereof and all physical damages done to such abutting or injured property through any act or omission of the company or its successor or any contractor, subcontractor, or other person in the course of any employment in the constuction and operation of the railroad or any part thereof. Held, that such provision inured to the benefit of a contractor who under a contract with the city had laid a fire service main in the street, which was injured before it had been formally turned over to and accepted by the city by certain of the operations of one of defendant's subcontractors, and that defendant was therefore liable to the municipal contractor therefor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

Action by the Continental Asphalt Paving Company against the Hudson & Manhattan Railroad Company. An order was granted at the trial dismissing the complaint before any evidence had been heard, and an exception taken was ordered to be heard at the first instance of the Appellate Division. Exception sustained, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and MILLER, JJ.

William K. Hartpence, for the motion.
J. Arthur Corbin, opposed.

McLAUGHLIN, J. The plaintiff, in pursuance of a contract with the city of New York, furnished and laid a 12-inch high-pressure fire

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

service main in Eighteenth street between Sixth and Seventh avenues. Before the same had been formally turned over to and accepted by the city, it was damaged by a subcontractor of the defendant, and this action was brought to recover therefor. At the trial, before any evidence had been taken, upon the complaint and opening, defendant moved for judgment dismissing the complaint. The motion was granted and an exception taken, which was ordered to be heard in the first instance at the Appellate Division. The motion to dismiss was, in effect, a demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and the ruling, to which an exception was taken, cannot be sustained unless it appears that, admitting all the facts alleged, a cause of action is not set forth. Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572; Doty v. Norton, 133 App. Div. 106, 117 N. Y. Supp. 793.

The complaint, after setting forth the corporate character of the plaintiff, alleges that the New York & Jersey Railroad Company, a corporation organized under the laws of the state of New York, on the 7th of March, 1905, obtained from the city of New York a franchise for the construction of an underground railroad under Sixth avenue; that this franchise was thereafter acquired by the defendant in this action, which assumed both by operation of law and by the express provision of articles of consolidation all of the duties and obligations of the New York & Jersey Railroad Company; that by this franchise the railroad company agreed that in the course of construction of such underground railroad it would maintain the care of all underground structures at its own expense, and would, at all times, by suitable bridging or other supports, maintain in an entirely safe condition all water and gas mains encountered during the progress of the work, and, whenever it became necessary to reconstruct any subsurface structure, it would be done by it or at its expense; that it would make good to the city all damages which should be done to its property by the construction or operation of the railroad, and would make good to every owner of property abutting upon the railroad, or which should be injured by the work of construction or operation thereof, all physical damages which should be done to such abutting or injured property through any act or omission of the company or its successor or any contractor, subcontractor, or other person in the course of any employment upon the construction or operation of the railroad or any part thereof. Then follow allegations as to the making of the contract between plaintiff and the city; performance of the work under it; the making of a contract between the New York & Jersey Railroad Company and the Degnon Contracting Company for building the underground railroad; that in the course of construction of such road it became necessary to reconstruct a sewer through Eighteenth street; the making of a subcontract between the Degnon Contracting Company and one Pilkington to reconstruct such sewer; the failure of the subcontractor to support and maintain in an entirely safe condition the 12-inch high-pressure main laid by the plaintiff in Eighteenth street and the consequent injury thereto through the negligence of the said contractor and subcontractor; the dam-

ages sustained by reason thereof; and the demand and refusal of payment for the damages caused thereby.

I am of the opinion that the complaint states a cause of action, and that the motion to dismiss was erroneously granted. One of the provisions in the franchise was that the New York & Jersey Railroad Company would "make good to the city all damages which shall be done to the property of the city by the construction or operation of the railroad and shall make good to every owner of property abutting upon the railroad or which shall be injured by the work of construction, or by operation thereof, all physical damage which shall be done to such abutting or injured property, through any act or omission of the tunnel company or successor thereof, or of any contractor, subcontractor or other person in the course of any employment upon the construction or operation of the railroad or any part thereof." This provision in the franchise was made for and inured to the benefit of the plaintiff.

A somewhat similar franchise was considered by this court in Haefelin v. McDonald, 96 App. Div. 213, 89 N. Y. Supp. 395. That franchise, however, had in it only a covenant to save harmless the city itself, and it was for that reason that the court reached the conclusion it was not the intention of the parties to impose upon the contractor a liability to the owners of abutting property. This Mr. Justice Ingraham took occasion to point out, saying:

"There is no indication in any part of the contract that it was the intention of the parties to impose upon the contractor a liability to the owners of the abutting property for negligence of subcontractors or others over whom he had no control, and, if such had been the intention, a clause expressly imposing such a liability would have been inserted."

This franchise, however, has such clause, and it is fairly to be assumed that it was inserted by reason of the decision in the Haefelin Case. That case was decided by this court in July, 1904. The franchise under consideration was granted March 7, 1905, and by it the New York & Jersey Railroad Company (whose obligations the defendant assumed) specifically agreed to make good to every owner of property abutting upon the railroad or which should be injured by the work of construction or operation all damage which should be done to such property through any act or omission on its part, or its successor, or any contractor or subcontractor. The complaint expressly charges that in the course of construction of the underground railroad it became necessary to change and reconstruct the sewer through Eighteenth street; that this work was done by a subcontractor who performed it in such a way as to cause plaintiff damage. The facts alleged, it seems to me, meet the objections pointed out in Haefelin v. McDonald, supra, and bring the case within the rule that, where one party makes a promise for a valuable consideration for the benefit of a third person, third person may maintain an action upon the promise. Rochester Telephone Co. v. Ross, 195 N. Y. 429, 88 N. E. 793; Pond v. New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958; Buchman v. Tilden, 158 N. Y. 109, 52 N. E. 724, 44 L. R. A. 170, 70 Am. St. Rep. 454; Thorp v. Keokuk Coal Co., 48 N. Y. 253.

In the Thorp Case the court said:

"In such a case it is not needful that there should be any consideration passing from the third person. It is sufficient if the promise be made by the promisor upon a sufficient consideration passing between him and his immediate promisee, and, when the third person adopts the act of the promisee in obtaining the promise for his benefit, he is brought into privity with the promisor and he may enforce the promise as if it were made directly to him."

In the present case the agreement or covenant of the Jersey Company to maintain all water pipes encountered during the progress of the work and to make good to every owner of property injured in the construction or operation of the railroad was made with the city upon a new or present consideration, which was the granting to such company of a franchise. The plaintiff, when it entered into its contract with the city to lay the high pressure main, had a right to rely upon the covenant or agreement of the Jersey Company to the effect that it would maintain and support the plaintiff's water mains wherever and whenever encountered during the course of construction of the underground railroad or any part thereof, and, if it caused damage either in the construction or operation to abutting owners, it would make good the same. The defendant, as it seems to me, is not only liable by express provisions of the franchise which inured to the plaintiff's benefit, but also under the principle laid down in Little v. Banks, 85 N. Y. 258. In that case the defendant, a law book publisher, entered into a contract with the state of New York, by which he was to publish and sell the reports of the New York Court of Appeals. The contract provided that he should at all times keep the volumes published for sale at retail, at a price named, in one or more law book stores in the city of Albany and the city of New York, and it provided that, "should any other law book seller in either of said cities apply to purchase any of said volumes, the same shall be supplied to such law book seller upon application," and that for a failure on the part of the defendant "to keep on sale, furnish and deliver the aforesaid volumes or any of them at the price and as hereinbefore provided" the defendant "shall forfeit and pay * * * the sum of one hundred dollars hereby fixed and agreed upon, not as a penalty but as the liquidated damages suffered by the person or persons aggrieved thereby, the same to be sued for and recovered by the person or persons so aggrieved." It there appeared that a person applied on different occasions for copies of some of the volumes published, which the defendant refused to furnish, and thereupon an action was brought to recover the penalty. Judge Miller, who delivered the opinion of the court, said:

"The effect of the contract was that in consideration of doing the work the defendant would sell and deliver the books as provided, to the persons who were entitled thereto and if he failed to do so, as required, when demanded he would pay to the person injured the damages."

The ground of the liability of the defendant in that case was said to be that:

"Contractors with the state, who assume, for a consideration received from the sovereign power, by covenant, express or implied, to do certain things, are liable in case of neglect to perform such covenant to a private action at the

suit of the party injured by such neglect and such contract inures to the benefit of the individual who is interested in its performance."

The case of Glens Falls Gaslight Co. v. Van Vranken, 11 App. Div. 420, 42 N. Y. Supp. 339, is very much like the case now under consideration, and in principle cannot be distinguished from it. In that case the plaintiff maintained a system of gas pipes to supply gas in the village of Glens Falls, and the village authorities made a written contract with the defendants by which they agreed to construct in the village certain sewers in streets through which the plaintiff's gas pipes were placed. In the course of construction of these sewers, the plaintiff's gas pipes were broken and injured, and thereby plaintiff sustained damage. The contract contained a provision that the contractors were to make all provisions necessary to maintain and protect the gas pipes and to report all damage done to substructures and to be responsible for all damage that might be done to persons or property in the blasting of rock, and, if injury were caused, the cost and repairs were to be paid by the contractors. It was held that the plaintiff could maintain the action upon the contract under the rule which permitted a person not a party to a contract to sue upon it where the promisee would be under a liability to him were it not performed. See, also, New York Steam Co. v. Foundation Co., 195 N. Y. 52, 87 N. E. 765, and Cook v. Dean, 11 App. Div. 123, 42 N. Y. Supp. 1040, affirmed 160 N. Y. 660, 55 N. E. 1094.

It follows that the exception is sustained, and a new trial ordered, with costs to plaintiff to abide event. All concur.