(76 Misc. Rep. 37.)

FARNSWORTH v. BORO OIL & GAS CO.

(Supreme Court, Equity Term, Erie County.   March, 1912.)

1. GAS (§ 14*)—INJUNCTION—EXCESSIVE RATES.

An inhabitant of a town, who purchases gas from defendant gas company, is entitled to maintain an action to restrain said company from charging a higher rate than that fixed by an agreement with the town authorities.

[Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 10–11; Dec. Dig. § 14.*]

2. GAS (§ 7*)—GAS COMPANIES—FRANCHISE—ESTOPPEL.

Laws 1889, c. 422, § 2, provides that natural gas companies are authorized to lay their pipes under highways, but that no pipe line for transmitting gas shall be so constructed without the consent of the commissioners of highways of the town in which it is located. A natural gas company, wishing to· use the streets of a town, mistakenly applied to the town board, which body granted its consent in the year 1901, on condition that it should not charge more than 25 cents per 1,000 feet of gas, and in 1909 the gas company applied for an extension of consent to other highways, which was given under the same conditions.  *Held* that, the town board having refused the gas company permission to charge a higher rate, the gas company could not claim that it was not the body authorized by statute to give consent to the laying of pipes in the highway, for, having acted under the contract made with it, it was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

estopped from denying the board's authority; it also being doubtful wheth-
er the commissioner of highways, having acquiesced in the action of the
town board, could invalidate its action.,

[Ed. Note.—For other cases, see Gas, Cent. Dig. § 2; Dec. Dig. § 7.*]

Action by Newton E. Farnsworth against the Boro Oil & Gas Com-
pany. Judgment for plaintiff.

Fred J. Blackmon, for plaintiff.

Ward J. Wilber, for defendant.

POUND, J.  The rights of the defendant in the highways of the
town of Collins were conferred by the provisions of chapter 422 of
the Laws of 1889, which reads as follows:

"Section 1. It shall be lawful for any corporation organized under chapter
611 of the Laws of 1875 (Business Corporation Law) and acts amendatory
thereof, for the purpose of boring, drilling, digging or mining for natural gas,
and conveying and distributing the same in pipes, and vending said gas to
the consumers thereof; to purchase, lease, secure and convey such real estate,
and such only as may be necessary for the convenient transaction of their
business; and to effectually carry on the operations of such corporation.

"Sec. 2. Such corporation is authorized to dig and trench for, and lay their
pipes along or under any of the public roads or highways, or through or under
any of the waters within the limits of this state: Provided the same shall
not be so done as to incommode the public use of said highways, or interrupt
the navigation of said waters: Provided, however, that no pipe line for the
purpose aforesaid shall be constructed across, along, or upon any public high-
way, without the *consent of the commissioners of highways of the town* in
which such highway is located, upon such terms as may be agreed upon with
such commissioners.  *   *   * "

The defendant, mistakenly assuming that the town board, rather
than the commissioner of highways, was the proper authority to which
to apply for consent to construct its pipe line in certain of the public
highways of the town, applied to it for such consent in the year 1901,
whereupon the town board granted such consent on condition that
"said company or its assigns shall not charge the inhabitants of the
said town using gas for fuel or lights or both a sum exceeding twen-
ty-five cents per thousand cubic feet." In 1909 defendant applied to
the town board for an extension of the consent to other highways, and
said consent was granted in the same terms and conditions. The de-
fendant accepted and has acted upon such consents. In 1911 de-
fendant applied to the town board for leave to raise its rate to 30
cents per 1,000 cubic feet. This application was denied. It does not
appear that the defendant has any express consent from the highway
commissioner to place its pipe line in the highway. The town board
consists of the supervisor, town clerk, and justices of the peace.

[1] Defendant now repudiates the terms imposed by the town
board as a condition of granting its consent, so far as they fix rates
for gas, and raises its rate to 30 cents per 1,000 cubic feet, claiming
that the town board was without authority to grant such consent,
and therefore without power to regulate rates. Plaintiff is an in-
habitant of said town taking gas from defendant, and he brings this
action to restrain the defendant from charging the increased rate.
He is a proper party to maintain the same.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] It is true that the only limitation placed by law upon the right of the defendant to lay its pipe lines in the public highway is that contained in the act of 1889, viz., that the consent of the commissioners of highways be obtained on such terms as the commissioners may see fit to impose. It is also true that defendant obtained no additional rights and privileges from the town board. I think, however, that the law of the case is established by the authority of Rochester Telephone Co. v. Ross, 125 App. Div. 76, 109 N. Y. Supp. 381. Justice Kruse, writing the opinion, says:

"The telephone company voluntarily entered into a contract with the city; it recognized the right of the city to make the same, and grant it certain rights and privileges, which it now uses and enjoys; and I think that it is now estopped from questioning the right of the city to grant the same, and repudiating that part of its agreement limiting the telephone rates as provided in the contract. * * * Under the principles of estoppel, it should not now be heard to question the authority of the city to make the agreement and grant the rights, as the city has assumed to do, taken advantage of by the telephone company."

When this case was affirmed by the Court of Appeals (195 N. Y. 429, 88 N. E. 793), the affirmance was based solely on the ground that the city's grant gave the company greater rights than it had from the general law of the state, and that therefore there was a sufficient consideration to uphold the covenant of the company not to charge the subscribers in excess of the contract rate. The opinion contains no suggestion of approval or disapproval of the theory of estoppel as enunciated by the Appellate Division; but I cannot find that the views of Justice Kruse have been disapproved.

Furthermore, the lapse of time since the consent of the town board was given to and accepted by the defendant in 1901 permits the inference that the commissioner of highways has acquiesced in and adopted the unauthorized act of the town board. I doubt exceedingly if the commissioner of highways could now exclude the company from the highways of the town; and if the consent of the town board is enough to give the company its rights in the highways, it is enough to limit those rights.

Decision accordingly.