### OEST v. HENDRICK.

(Supreme Court, Appellate Term.  April 13, 1912.)

1. ACTION (§ 22*)—SUIT TO REDEEM—EQUITABLE ACTION.

  A complaint that plaintiff conveyed land to defendant to secure defendant for money advanced, that the land was sold and the price paid to defendant, that after payment of mortgages and the sum due defendant there remained in his possession a specified sum, which he refused to pay to plaintiff on demand, and which makes a contract between the parties binding defendant to convey back to plaintiff the premises within six months from date, on payment of the sum due a part of the complaint, states a cause of action in equity.

  [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–145; Dec. Dig. § 22.*]

2. COURTS (§ 188*)—JURISDICTION—EQUITABLE ACTIONS.

  An action to redeem under a deed, in effect a mortgage, calls for the exercise by the court of equitable powers, and is not within the jurisdiction of the City Court of the City of New York.

  [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 296–299; Dec. Dig. § 188.*]

Appeal from City Court of New York, Special Term.

Action by Edna M. Oest against John Harris Hendrick. From an order of the City Court of the City of New York, denying a motion for judgment on the pleadings, defendant appeals. Reversed, and motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Samuel M. Richardson, of New York City, for appellant.

Henry A. Heiser, of New York City, for respondent.

SEABURY, J.　The complaint alleges that the plaintiff was the owner of a certain piece of real property situated in the city of New York, and that the plaintiff and defendant entered into a written contract, which is annexed to the complaint and made a part thereof, wherein the plaintiff agreed to transfer the property in question in order to secure the defendant for certain moneys advanced to the plaintiff by the defendant, and that the plaintiff did execute and deliver to the defendant a deed to said property. The complaint further alleges that subsequently the aforesaid property was sold to one Marie Peter for $7,375, which moneys were received by the defendant for the plaintiff's account, and that after the payment of the amount of the first and second mortgages, interest, charges, assessments, taxes, etc., together with such sums as were due defendant from plaintiff, there remained in the defendant's possession and control the sum of $717.28, which the plaintiff had duly demanded, and which the defendant refused to pay.

[1] In the agreement annexed to the complaint, the defendant agrees to convey back to the plaintiff the premises in question within six months from date, upon payment to him of the sum due, with interest thereon. We are of the opinion that the complaint stated a cause of action in equity. Mooney v. Byrne, 163 N. Y. 86, 57 N. E. 163; Doty v. Norton, 133 App. Div. 106, 117 N. Y. Supp. 793. As was said by Mr. Justice Scott in the similar case of Doty v. Norton, supra:

"It is true that plaintiff does not call his action one to redeem, and asks for a money judgment; but the action is in legal effect one for redemption, although, under the circumstances set forth in the complaint, only a money judgment can be obtained, and therefore only such a judgment need be demanded."

[2] In legal effect, the action was one for redemption, calling for the exercise by the court of equitable powers, and as such was not within the jurisdiction of the City Court of the City of New York. The defendant's motion for judgment on the pleadings should have been granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.