NEWTON E. FARNSWORTH, Respondent, *v.* BORO OIL AND GAS COMPANY, Appellant.

Fourth Department, January 15, 1913.

Gas and electricity — right to lay pipe lines in public highways — contract fixing maximum rate — right of inhabitant to enforce such contract — estoppel.

Where the only limitation placed by law upon the right of a gas company to lay its pipe lines in the public highways is a statutory provision that the consent of the commissioner of highways be obtained on such terms as the commissioner shall see fit to impose, and such company, mistakenly assuming that the town board rather than the commissioner of highways was the proper authority to which to apply for consent to construct its pipe line in certain public highways of a town, applied to it for such consent, which was granted on condition that said company should not charge the inhabitants of the town using gas in excess of a certain rate, and subsequently said company applied to the town board for an extension of the consent to other highways, which was granted on the same conditions, and later said company applied to the town board for leave to raise its rate, which application was denied, an inhabitant of the town is a proper party to maintain an action to restrain such company from charging an increased rate.

Said company, having acted upon and enjoyed benefits under its contract made with the town board, is estopped from questioning the authority of the board to make the contract.

KRUSE and LAMBERT, JJ., dissented, in memorandum.

APPEAL by the defendant, the Boro Oil and Gas Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 8th day of April, 1912, upon the decision of the court rendered after a trial at the Erie Special Term.

*Ward J. Wilber*, for the appellant.

*Fred J. Blackmon*, for the respondent.

Judgment affirmed, with costs, upon the opinion of POUND, J., delivered at Special Term.

All concurred, except KRUSE and LAMBERT, JJ., who dissented in a memorandum by KRUSE, J.

The following is the opinion of the Special Term:

POUND, J.:

The rights of the defendant in the highways of the town of Collins were conferred by the provisions of chapter 422 of the Laws of 1889 which reads as follows:

"Section 1. It shall be lawful for any corporation organized under chapter six hundred and eleven of the laws of one thousand eight hundred and seventy-five [Business Corporations Law], and acts amendatory thereto, for the purpose of boring, drilling, digging or mining for natural gas, and conveying and distributing the same in pipes, and vending said gas to the consumers thereof; to purchase, lease, secure and convey such real estate, and such only, as may be necessary for the convenient transaction of their business, and to effectually carry on the operations of such corporation.

"§ 2. Such corporation is authorized to dig and trench for, and lay their pipes along or under any of the public roads or highways, or through or under any of the waters within the limits of this State: provided the same shall not be so done as to incommode the public use of said highways, or interrupt the navigation of said waters. Provided, however, that no pipe-line for the purpose aforesaid shall be constructed across, along, or upon any public highway, without *the consent of the commissioners of highways of the town* in which such highway is located, upon such terms as may be agreed upon with such commissioners."

The defendant, mistakenly assuming that the town board, rather than the commissioner of highways, was the proper authority to which to apply for consent to construct its pipe line in certain of the public highways of the town, applied to

it for such consent in the year 1901, whereupon the town board granted such consent on condition that said "company or its assigns shall not charge the inhabitants of said town using gas for fuel or lights or both a sum exceeding twenty-five cents per thousand cubic feet."

In 1908 defendant applied to the town board for an extension of the consent to other highways, and said consent was granted on the same terms and conditions. The defendant accepted and has acted upon such consents.

In 1911 defendant applied to the town board for leave to raise its rate to thirty cents per 1,000 cubic feet. This application was denied. It does not appear that the defendant has any express consent from the highway commissioner to place its pipe line in the highway.

The town board consists of the supervisor, town clerk and justices of the peace.

Defendant now repudiates the terms imposed by the town board as a condition of granting its consent, so far as they fix rates for gas, and raises its rate to thirty cents per 1,000 cubic feet, claiming that the town board was without authority to grant such consent, and, therefore, without power to regulate rates.

Plaintiff is an inhabitant of said town taking gas from defendant, and he brings this action to restrain the defendant from charging the increased rate. He is a proper party to maintain the same.

It is true that the only limitation placed by law upon the right of the defendant to lay its pipe lines in the public highway is that contained in the act of 1889, viz., that the consent of the commissioners of highways be obtained on such terms as the commissioners may see fit to impose.

It is also true that defendant obtained no additional rights and privileges from the town board.

I think, however, that the law of the case is established by the authority of *Rochester Telephone Co.* v. *Ross* (125 App. Div. 76).

Justice KRUSE, writing the opinion, says: "The telephone company voluntarily entered into a contract with the city; it

recognized the right of the city to make the same and grant to it certain rights and privileges which it now uses and enjoys; and I think it is now estopped from questioning the right of the city to grant the same and repudiating that part of its agreement limiting its telephone rates as is provided in the contract. * * * Under the principles of estoppel, it should not now be heard to question the authority of the city to make the agreement and grant the rights, as the city has assumed to do, taken advantage of by the telephone company."

When that case was affirmed by the Court of Appeals (195 N. Y. 429), the affirmance was based solely on the ground that the city's grant gave the company greater rights than it had from the general law of the State, and that, therefore, there was a sufficient consideration to uphold the covenant of the company not to charge the subscribers in excess of the contract rate.

The opinion contains no suggestion of approval or disapproval of the theory of estoppel as enunciated by the Appellate Division; but I cannot find that the views of Justice KRUSE have been disapproved.

Furthermore, the lapse of time since the consent of the town board was given to and accepted by the defendant in 1901, permits the inference that the commissioner of highways has acquiesced in and adopted the unauthorized act of the town board. I doubt exceedingly if the commissioner of highways could now exclude the company from the highways of the town; and if the consent of the town board is enough to give the company its rights in the highways, it is enough to limit those rights.

KRUSE, J. (dissenting):

Concededly, the town board has no authority over the highways of the town, and beyond the fact that the defendant's pipes have been permitted to remain in the highway, there is nothing to connect the highway commissioner with the consent to use the highway given by the town board to the defendant. If the commissioner of highways, whose consent to the use of the highways is necessary for such purposes, had given his consent, upon which the gas company had acted, and under which

it was enjoying certain privileges which it otherwise would not have, upon terms and conditions voluntarily accepted by the gas company, the doctrine of estoppel might apply, although the commissioner of highways had no legal right to exact or require such conditions. That is as far, I think, as the decision goes in the case of *Rochester Telephone Co.* v. *Ross* (125 App. Div. 76), relied upon by the plaintiff. But here the gas company obtained nothing from the town board, and the consent does not, as I think, rest upon even a shadow of right.

It is possible that the circumstances may be such that the parties to the action, as between themselves, adopted the terms and conditions of the so-called franchise and made them a part of their contract under which the defendant was to supply gas to the plaintiff, but the case does not seem to have been tried or decided upon that theory, and I hardly think the finding or facts, as they now appear, are sufficient to justify an affirmance upon that theory; nor was the case tried upon the theory that the highway commissioner adopted the action of the town board. There is no finding to that effect or evidence to warrant such a finding. It does not appear that the highway commissioner knew the terms of the so-called franchise or that the town board had assumed to act upon that matter, or that he was connected with the matter in any way. He is not a member of the town board.

LAMBERT, J., concurred.