NECARO CO., INC., Respondent, *v.* EIGHTH AVENUE RAILROAD COMPANY, Appellant.

First Department, April 8, 1927.

Street railways — plaintiff has contract with city of New York for construction of sewer under defendant's street railroad — defendant liable to plaintiff for failure to support its tracks over sewer.

Plaintiff, who has a contract with the city of New York for the construction of a sewer which runs beneath defendant's street railroad, is entitled to recover from defendant the fair and reasonable cost of work performed and materials furnished in shoring up, protecting and supporting the tracks and property of the defend-

ant, where the plaintiff's contract with the city provides that the cost of such work performed and materials furnished shall not be a charge against the city but shall be a matter for adjustment between the contractor and the company or companies concerned, and where it appears that the president of the borough of Manhattan and the plaintiff served notice in writing on the defendant, directing it to protect its structures and tracks; that the plaintiff, upon the defendant's refusal to comply with such notice, performed the work by direction of the president of the borough, and where all parties agree that the structure can readily be rendered safe at a not immoderate expense.

APPEAL by the defendant, Eighth Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of April, 1926, upon a verdict rendered by direction of the court at the New York Trial Term pursuant to a stipulation that the action be tried without a jury and that a verdict be directed with the same force and effect as though a jury were present.

*Michel Kirtland* of counsel [*Kerner Easton* with him on the brief], for the appellant.

*Franklin Nevius* of counsel [*Alfred C. Petté* with him on the brief; *Kellogg & Rose*, attorneys], for the respondent.

MARTIN, J.   The plaintiff seeks to recover the fair and reasonable cost of work performed and materials furnished in shoring up, protecting and supporting the tracks and property of the defendant at the intersection of Clarkson and Hudson streets in the borough of Manhattan, city of New York.  At that location the city constructed a sewer which runs underneath an electric street railroad maintained and operated by defendant.

In order to properly construct the sewer and to perform plaintiff's contract with the city, it became necessary to shore up, protect and support said structure and tracks.

The contract between the plaintiff and the city of New York contained the following provision: " The contractor will give notice in writing to all gas, railroad and other companies owning or controlling any pipe, tracks or other structures which during the progress of the work may be affected by the prosecution of the same so that said companies may protect or remove their structures and he will not cause any hindrance to, or interference with, any such gas company or other company or companies in protecting their said pipes, tracks, or other structures, nor in removing or otherwise protecting and replacing the main and service pipes, lamp-posts, lamps, tracks or other structures where necessary, but the contractor will suffer the said company or companies to take all such measures as are requisite for the purpose aforesaid.

10

But if said gas, railroad or other companies, within five days after receipt of such notice, fail to support, remove or otherwise protect their structures, except such railroad tracks or other railroad structures upon or within a right of way upon land owned in fee by a railroad company, the contractor will, upon the approval of the president, protect or remove the same, it being expressly understood that the cost thereof shall not be a charge against the City, but shall be a matter for adjustment between the contractor and the company or companies concerned."

The president of the borough of Manhattan and the plaintiff, on or about October 1, 1921, served notice in writing on the defendant, directing it to protect its structures and tracks. The defendant refused to comply with the notice. Thereafter, and pursuant to the terms of its contract with the city, the plaintiff, by direction of the president of the borough of Manhattan, shored up, protected and supported the tracks and structures of the defendant, underneath which tracks the line of sewer being built by the plaintiff was to be constructed.

It was stipulated that $1,000 was the reasonable value of the work, labor and services and materials furnished, after making certain deductions claimed by the defendant.

The grant of the franchise to the defendant to maintain and operate its line of railway through the streets of the city was at all times subject to the right of the public to enter upon said streets, through which its road was operated, for the purpose of constructing sewers or making other necessary public improvements; and the expense of protecting, shoring up and supporting its tracks and underground structures, necessary in the proper performance of such work, was an expense which the defendant must bear. (*Brooklyn Elevated Railroad Co.* v. *City of Brooklyn,* 2 App. Div. 98.)

The defendant's liability is not based on a statute as in a number of cases where a statutory obligation is imposed upon a railroad company to do certain work or, by the terms thereof, to pay its cost. When the defendant failed to do so, the city had the right to make the repairs; and, as the railroad company was bound to take care of its structure under such circumstances, it may not impose the cost thereof on the city by simply disregarding the notice, duly served, requiring it to do the work and giving it a fair opportunity to comply with the demand. Necessary improvements may not be obstructed by a failure to act on the part of a railroad company. If it fails to perform its obligations, the municipality may cause the work to be done at the company's expense.

This subject appears to have received consideration in *Interborough R. T. Co.* v. *Gallagher* (44 Misc. 536) where Mr. Justice

SCOTT said (at p. 538): " Notwithstanding plaintiff's charter the city has still the right to make use of the streets for proper and authorized urban purposes, and is not obliged to consult the mere convenience of the plaintiff, nor to study to save it from expense to the detriment of the public.  (*Western Union Tel. Co.* v. *Syracuse El. L. & P. Co.*, 178 N. Y. 325, 331.)  Undoubtedly the city would not have the right to undertake any work which would destroy the plaintiff's structure or render its use so dangerous that it must be abandoned, but no such question is presented here, because all parties agree that the structure can readily be rendered safe at a not immoderate expense.  Under a very similar state of facts it was held by the Appellate Division in the Second Department that the obligation rested upon the railway company to bear the expense of protecting its own structure.  (*Brooklyn El. R. R. Co.* v. *City of Brooklyn*, 2 App. Div. 98.)  It would serve no good purpose to quote, or to attempt to paraphrase the satisfactory reasoning by which the court arrived at that result.  It is true that the excavation in that case was for a sewer, while in the present case it is a different, and in a sense more modern, at least so far as this city is concerned, public utility, but it is not different in its practical results, and not ' of such a character as to destroy practically, the plaintiff's franchise and property.' "  (See *City of New York* v. *Metropolitan St. R. Co.* [*Paving Case No. 14*], 130 App. Div. 842.)

A contractor, in figuring the cost of work, is entitled to assume, in harmony with his arrangements with the city, that the cost of supporting the tracks will be borne by the railroad company; and that there will not be added to his obligations under the contract the expense of such extra work.

In *Continental Asphalt Paving Co.* v. *Hudson & Manhattan R. R. Co.* (143 App. Div. 338) Mr. Justice McLAUGHLIN said: " In the present case the agreement or covenant of the Jersey Company to maintain all water pipes encountered during the progress of the work and to make good to every owner of property injured in the construction or operation of the railroad, was made with the city upon a new or present consideration, which was the granting to such company of a franchise.  The plaintiff, when it entered into its contract with the city to lay the high pressure main, had a right to rely upon the covenant or agreement of the Jersey Company, to the effect that it would maintain and support the plaintiff's water mains wherever and whenever encountered during the course of construction of the underground railroad or any part thereof, and if it caused damage either in the construction or operation to abutting owners, it would make good the same.  The defendant,

as it seems to me, is not only liable by express provisions of the franchise which inured to the plaintiff's benefit, but also under the principle laid down in *Little* v. *Banks* (85 N. Y. 258).   \*   \*   \*

" The ground of the liability of the defendant in that case was said to be that ' Contractors with the State, who assume, for a consideration received from the sovereign power, by covenant, express or implied, to do certain things, are liable in case of neglect to perform such covenant to a private action at the suit of the party injured by such neglect, and such contract inures to the benefit of the individual who is interested in its performance.' "

When the point in the work where such shoring was necessary was reached and the defendant refused to care for its structure, it became necessary for plaintiff to do so, in order to complete the work called for by its contract and to avoid a breach thereof.   The plaintiff was, therefore, compelled to perform work which the law required the defendant to do.   Under the circumstances, the contractor is entitled to recover the fair and reasonable cost thereof.

The judgment should, therefore, be affirmed, with costs.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Judgment affirmed, with costs.