■ PATERNO & SONS, INC., Respondent-Appellant, v JAMAICA WATER SUPPLY COMPANY, Appellant-Respondent.—In an action to recover damages allegedly resulting from the breach by defendant of its legal duty to maintain its subterranean water lines, the parties cross-appeal from an order of the Supreme Court, Queens County, dated October 29, 1975, which denied (1) defendant's motion for summary judgment and (2) plaintiff's cross motion for summary judgment. Order affirmed, without costs or disbursements. Defendant was obligated both by the common law (see *New York City Tunnel Auth. v Consolidated Edison Co.,* 295 NY 467, 474–475; *Necaro Co. v Eighth Ave. R. R. Co.,* 220 App Div 144), as well as by statute (Administrative Code of City of New York, § 683a4-17.0), to remove, relocate and protect its pipelines, and appurtenances thereto, which interfered with the construction of sewers which the plaintiff was under contract with the City of New York to install in Queens. In accord with this duty, defendant is required to pay to plaintiff the reasonable value of the performance of such work, if it be proved at trial that defendant failed to so act, and that plaintiff necessarily had to relocate and protect defendant's facilities (see *Necaro Co. v Eighth Ave. R. R. Co., supra,* p 148). Our decision in *Lizza Ind. v Long Is. Light. Co.* (44 AD2d 681, app dsmd 36 NY2d 754) is not in conflict with the determination herein. While the sewer contract involved in *Lizza* specifically placed upon the contractor the duty of maintaining any utility facilities which infringed upon the areas in which it was to construct sewers, and to hold the utility companies involved harmless for any damage

caused by its construction, no such contractual obligation was imposed upon plaintiff. Although in *Lizza* we found that whatever obligation the utility company might have had in this respect was wholly adopted by the sewer contractor as its own, no such shift in liability is present in the instant case. We agree with Special Term that questions of fact exist as to exactly which of defendant's facilities were removed, shored-up, moved and/or protected, and by which party such work was actually performed. These questions cannot be determined as a matter of law on the record presently before us. However, the trial should be limited to those issues. Accordingly, summary judgment was properly denied to both parties. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.