## WILKINSON *v.* NEBRASKA, *ex rel.* CLEVELAND SOCIETY FOR SAVINGS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

Submitted November 1, 1887. — Decided November 14, 1887.

The proviso in § 6 of the act of March 3, 1887, 24 Stat. 552, c. 373, concerning the jurisdiction over suits which had been removed from a state court prior to the passage of the act, relates only to the jurisdiction of Circuit Courts of the United States, and does not confer upon this court jurisdiction over an appeal from a judgment remanding a cause to a state court; but such jurisdiction was expressly taken away by the last paragraph of § 2 of the act, taken in connection with the repeal of § 5 of the act of March 3, 1875, 18 Stat. 470.

This was a motion to dismiss, united with a motion to affirm. The case is stated in the opinion of the court.

*Mr. J. M. Woolworth* for the motions.

*Mr. A. J. Poppleton* and *Mr. John M. Thurston* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a writ of error for the review of an order of the Circuit Court remanding a suit which had been removed from the Supreme Court of the State of Nebraska. The suit was for a mandamus to compel Wilkinson, the treasurer of Dakota County, to apply certain moneys in his hands, collected for that purpose, to the payment of past-due coupons detached from bonds issued by the county. It was begun February 14, 1887. The defendants answered March 1, 1887, denying the validity of the bonds, and at the same time they presented their petition for the removal of the suit to the Circuit Court of the United States for the district of Nebraska, on the ground that the relator was a citizen of Ohio and they were citizens of Nebraska. The state court directed the removal April 6, 1887, and a copy of the record was entered in the Circuit Court on the 19th of the same month. On the 27th of May the relator moved to remand the suit "on the ground that the Circuit Court was without jurisdiction to review the said cause, and to hear and determine the same." This motion was granted the same day, and thereupon the present writ of error was sued out by the defendants, which the relator now moves to dismiss for want of jurisdiction.

We have already decided at the present term, in *Morey* v. *Lockhart, ante,* page 56, that since the act of March 3, 1887, 24 Stat. 552, c. 373, no appeal or writ of error lies to this court under the last paragraph of § 5 of the act of March 3, 1875, from an order of the Circuit Court remanding a suit which had been removed from a state court. That, however, was a case in which the suit was begun and the removal had after the act of 1887 went into effect. Here the suit was begun and a petition for removal filed in the state court before the act, and this it is contended saves to these parties their right to a writ of error under the act of 1875, 18 Stat. 470, because of a proviso in § 6 of that of 1887, in these words: "Provided, that this act shall not affect the jurisdiction over or disposition of any suit removed from the court of any State, or suit commenced in any court of the United States, before

the passage hereof except as otherwise expressly provided in this act."

This, in our opinion, relates only to the jurisdiction of the Circuit Court and the disposition of the suit on its merits; and has no reference to the jurisdiction of this court under the act of 1875 for the review by appeal or writ of error of an order of the Circuit Court remanding the cause. That was "expressly provided" for in the last paragraph of § 2 of the act of 1887, in which it was enacted that "whenever any cause shall be removed from any state court into any Circuit Court of the United States, and the Circuit Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the Circuit Court so remanding such cause shall be allowed." This provision, when taken in connection with the repeal by § 6 of the last paragraph of § 5 of the act of 1875, shows unmistakably an intention on the part of Congress to take away all appeals and writs of error to this court from orders thereafter made by Circuit Courts, remanding suits which had been removed from a state court, and this whether the suit was begun and the removal had before or after the act of 1887.

*The motion to dismiss is granted.*