STATE OF NEBRASKA, EX REL. EDWIN HERSHISHER, v. M. P. KINKAID, JUDGE.

1. **Mandamus** is not a proceeding to correct errors, but to compel action, and will not be granted in any case where there is a plain and adequate remedy at law.

2. **Attachment:** REPLEVIN. Where a sheriff had levied certain attachments upon goods of a debtor, the aggregate amount of the attachments being about $3,517, and the goods were taken from him in an action of replevin, and on the trial of the latter action a verdict was returned in his favor in the sum of $4,000, *Held,* That the value of the interest of the sheriff in the goods was the amount of the attachments, with interest thereon, and costs, and that the court had authority to require him to remit the excess.

ORIGINAL application for mandamus.

*Uttley & Benedict,* for relator, cited : *Brown v. Jones,* 5 Nev., 374. *Steppacher v. Reneau,* 25 Miss., 114. *Moore*

41

*v. Devol*, 14 Iowa, 112.   Wells Questions, Law, and Fact, 15.·   *Lloyd v. Brinck*, 35 Tex., 1.   High Ex. Leg. Rem., Sec. 235.   *Williams v. Saunders*, 5 Cold., 81.   *Ex parte Bradstreet*, 7 Pet., 634.   *U. S. v. Peters*, 5 Cranch, 115. *Haight v. Turner*, 2 Johns., 371.   *Manor v. McCall*, 5 Ga., 522.   *State v. Judge*, 13 La. Ann., 481.

*M. P. Kinkaid, pro se*, cited:   *People v. Judges*, 20 Wend., 658.   *Ex parte Hoyt*, 13 Peters, 279.   *Ex parte Whitney*, Id., 404.   High Ex. Leg. Rem., Sec. 188.

MAXWELL, J.

This is an application for a mandamus against the judge of the twelfth district.   The relator alleges in the petition, "That the defendant above named was, during the year 1887, and now is, the judge of the 12th judicial district of the state of Nebraska, in which is situated the county of Holt, in said state.

"2d, That on or about the 23d day of April, A.D. 1887, one Ben. G. Collins commenced an action in replevin in the district court of said Holt county, Nebraska, against this plaintiff, to recover the possession of certain goods and chattels described in his petition, the same being the goods and chattels in controversy in said action.

"3d, That an order of replevin was issued in favor of said Ben. G. Collins, and all the goods and chattels in controversy were taken on said order of replevin by the coroner of Holt county, and placed in the possession of the said Ben. G. Collins.

"4th, That during the year 1887, the plaintiff was the sheriff of Holt county, Nebraska, having been duly elected and qualified as required by statute, and was exercising said office therein.

"5th, That at the time of the beginning of said action by Ben. G. Collins, plaintiff, as the sheriff of Holt county,

held such goods and chattels on certain writs of attachment issued and levied upon the property in controversy, as the property of one Phillip Bulfer, in favor of the said R. L. McDonald & Co., W. E. Higman & Co., W. L. Parotte & Co., D. M. Steele & Co., V. N. Gibson, and H. C. Fischer, said attachments and the costs thereon accrued aggregating in the sum of $4,000 and over.

" 6th, That the plaintiff filed in said court his answer, setting forth the fact that he was sheriff, and held such goods on said writs of attachment, and the further fact that the goods were, at the time the said attachments were levied, the goods and chattels belonging to the said Phillip Bulfer, and subject to levy and sale for the satisfaction of said writs of attachment, and that the said pretended transfer by the said Phillip Bulfer to the plaintiff in said action, Ben. G. Collins, was made in fraud of the creditors of the said Phillip Bulfer, and with full knowledge on the part of the said Ben. G. Collins.

" 7th, That the said allegations of the answer so filed by this plaintiff in said action in the district court, were, on trial of said cause before Honorable M. P. Kinkaid, judge of said court, defendant herein, on the 25th day of August, 1887, conclusively established by a preponderance of the evidence taken at said time, as will appear from the transcript of said proceedings filed herewith.

" 8th, That the issues in said action were duly joined, and said cause brought on for trial before said M. P. Kinkaid, judge as aforesaid, with a jury, in said court, on the 25th day of August, 1887, and after a full hearing by the jury of the testimony produced, and being instructed by the court as to the law, said jury returned into open court a verdict, as follows : ' We, the jury in this case, being duly empaneled and sworn in the above entitled cause, do find and say that, at the commencement of this action the right of possession of the property in controversy was in the defendant, and we find the value of said property at

this time to be of the sum of $4,000, and we find the value of the defendant's possession at the commencement of this action to be the sum of $4,000, and we assess his damages for the wrongful detention of said property in the sum of one cent.'

"9th.    That on the 29th day of August, 1887, Ben. G. Collins, the plaintiff aforesaid, filed in said court his motion for a new trial of said cause, which motion was heard before his honor, M. P. Kinkaid, judge of said court, on the 14th day of Nov., 1887, at which time said court, after having considered said motion, and acting entirely upon the second, third, fourth, fifth, and sixth paragraphs of said motion, did overrule the said motion, with the following proviso: Provided, however, That the defendant shall remit the sum of $1,000 from the verdict in this case within twenty days from said date, otherwise the motion for a new trial will be sustained.

"10th, That the order of said court, so made on the 14th day of November, 1887, requiring of this plaintiff to remit the sum of $1,000 from said verdict, was made without any authority of law, and contrary to any authority given to the court acting upon the motion for a new trial, and was made in violation of all the known rules of law governing courts in granting a new trial, for the following reasons:"

The reasons are set out at length, wherein it is claimed that the defendant had no authority to order the plaintiff to remit $1,000 from the verdict, and it is claimed that it was the duty of the judge to render judgment on such verdict.    The record shows that the verdict was set aside December 6, 1887, and a new trial granted.

Complaint is also made that, on the 19th of December last, and after the defendant had set the verdict aside and granted a new trial, the relator announced himself ready for trial, and insisted in proceeding with said cause, but the defendant, on the motion and affidavit of one Chap-

man, an attorney for Collins, continued the case, by reason of which continuance the relator has been deprived of the testimony of certain material witnesses whose present whereabouts is to the relator unknown. There are other allegations in the petition to which it is unnecessary to refer. The prayer is, that the defendant be required to enter judgment upon the verdict, and for such other relief as is just and equitable.

The defendant, in the fourth and fifth paragraphs of his answer, alleges that, "Relator should in law be estopped from asking the relief herein prayed for—for it was at the special instance and request of relator that the conditional order for a new trial, in the action described by relator, was granted—for that while the motion for said new trial was being held under advisement by the court, respondent presiding, it was conceded by relator, by his duly authorized attorneys of record, that the finding of the jury in their verdict of the value of the property involved was based upon the testimony of witness E. W. Adams, called by relator in said action, the said witness having sworn he had made a calculation of the value of the said chattels from an invoice book, made an exhibit but never offered in evidence, read to or inspected by the jury, and it was agreed by counsel on both sides in said action that said witness had made a mistake in said calculation of several hundred dollars in favor of relator, and that the plaintiff in said replevin action was entitled to a new trial on that ground; and then and there, during the term of said district court of Holt county, M. F. Harrington, Esq., one of the attorneys of record for the relator in said action, in behalf of relator, specially requested respondent, as such presiding judge, to make just such a conditional order for such new trial as was made, allowing relator to make the remittitur if he should so conclude and thus avoid a new trial, if such remittitur were made; whereupon said order was made precisely as requested by

relator; but the amount of such remittitur had not been mentioned or agreed upon by the court, and it is over the amount of the remittitur so fixed that this litigation arises. And a new trial was granted for the further reasons in said action, because the verdict of the jury was against the weight of the evidence, both as to the value of the chattels involved and the value of the relator's interest therein, said amounts being larger than the evidence would warrant; and on account of a false assumption of fact in an instruction asked by relator and given by the court, the same stating the value of relator's interest at a higher amount than the evidence even tended to show it to be.

" Respondent, further answering the petition and application of relator, avers that the wrongs of which relator complains are involved in the action of respondent on the disposition of a motion for a new trial, when respondent was presiding judge of the district court of Holt county, and the acts of respondent therein, and of which relator complains, were done and took place in the exercise and performance of a judicial discretion; and what respondent then did and refused to do, the relief he granted and the relief he denied, was in the exercise of a judicial discretion and was a judicial act performed to the best of respondent's ability, and mandamus is not a proper remedy to determine the correctness of the rulings and decision of respondent as such presiding judge in the premises."

A transcript of what purports to be a bill of exceptions is attached to the petition. It is certified by the stenographer of the 12th district, and by the oath of an attorney, but is not signed or certified by the defendant, who presided at the trial of the case. It can not, therefore, be considered.

In the answer of the relator, Hershisher, in the case of Ben. G. Collins against him, we find the amount of his attachment liens stated at "about the sum of $3,517," the

exact amount of several of the claims not being given. The amount of the verdict was somewhat in excess of the attachment claims, interest thereon, and costs.

The attorney for Collins filed a motion for a new trial, which contains twenty-seven assignments of error, the second and third grounds of which are, that the verdict is excessive. On the face of the record, therefore, the verdict was somewhat excessive, and the court was justified in requiring the relator to remit such excess. Whether $1,000 was too large a sum to be remitted we cannot determine, as the evidence is not before us.

In addition to this, mandamus is not a proceeding to correct errors, but to compel action, and the writ cannot be invoked in any case where the relator has a plain and adequate remedy at law. The writ must therefore be denied.

It appears from the record that, on the 14th day of November, 1887, the motion for a new trial in the case of Collins against Hershisher was sustained, unless the defendant in that case should remit $1,000 from the verdict; that the attorney for the relator thereupon requested the court stenographer to prepare a transcript of the oral proceedings of the trial; and on the 5th of December, 1887, he wrote to such stenographer, asking him to prepare such report as speedily as possible; that on the 6th of December, 1887, a new trial was granted absolutely. It also appears from the stenographer's written statement, that, from pressure of business and other causes, he had been unable to prepare the bill of exceptions within the time required. The report was not prepared until some time in February, 1888, on the 22d day of which month it was submitted to the attorney of Collins, who objected to it as not having been received within the time required by the order of the court. There is also a notice in the record that the bill would be presented to the defendant for his approval and signature on the 27th of that month. Whether the bill was so presented or not does not appear, but if the affidavits filed on behalf

of the relator are true, the delay has been on the part of the stenographer and is not the fault of the relator or his attorneys. And no doubt if the bill is presented to the defendant he will duly sign and certify the same. The writ must be denied and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.