REESE et al. v. ZINN et al.

(Circuit Court, D. West Virginia. July 7, 1900.)

1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP OF PARTIES—FORMAL PARTIES —PLEA IN ABATEMENT.

The fact that merely formal parties, against whom no relief is sought, and who are residents of the same state with the real defendants, are made defendants, when they might properly be joined as plaintiffs, will not defeat the jurisdiction of the federal court, on the ground that the parties on one side are not all citizens of different states from those on the other.

2. SAME—AMOUNT IN CONTROVERSY.

Allegations in a complaint for the cancellation of a lease, and to enjoin the lessees from using the premises, that the value of the leased premises is $10,000, and that the rental value of the property is $2,400 a year, is sufficient to give jurisdiction to the federal court, where the action is between citizens of different states.

3. LEASE—FORFEITURE—ABANDONMENT—CANCELLATION.

Where the lessee has not only forfeited his rights under the lease, but has abandoned the same, the lessor is entitled to have a cancellation of the lease in equity.

4. LEASE—MUTUALITY—VALIDITY.

A lease which puts it in the power of lessee to terminate the lease at will is void for want of mutuality.

In Equity.

D. H. Leonard, Charles T. Caldwell, and F. A. Baldwin, for plaintiffs.

Roberts & Carter, for defendants.

JACKSON, District Judge. This case is submitted, first, upon the defendants' plea to the jurisdiction of this court, and assigns two reasons why the court should not entertain the jurisdiction: First, that A. L. Hill and A. J. Hill, who are made defendants to this bill, are improperly joined, and should be made plaintiffs, as no relief is asked against them in said bill, they being citizens and residents of the same state as the defendants; second, that the amount in controversy does not exceed the sum of $2,000, exclusive of interest and costs.

As to the first ground, it is apparent, from both the bill and answer in this case, that A. L. Hill and A. J. Hill are really not necessary parties to this action, and are merely formal parties. There is no relief sought against them. It is well settled that formal parties can be omitted or transposed in the pleadings, or they may be joined plaintiffs or defendants, without ousting the jurisdiction of the court. Wormley v. Wormley, 8 Wheat. 421, 451, 5 L. Ed. 651; Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Railroad Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; Walden v. Skinner, 101 U. S. 577, 25 L. Ed. 963; Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411. There are numerous decisions, subsequent to the cases cited, which sustain the same principle. For this reason, the court overrules the plea in abatement in this case.

As to the second ground, that the amount in controversy is insufficient to give this court jurisdiction, the bill upon its face alleges the valuation of the property to be $10,000, and the lease entered into be-

tween the Hills and the South Penn Oil Company, on the 11th day of May, 1895, shows the rental value of the property, without any oil developments, to be $2,400 a year; in addition to which the evidence tends to show that by reason of its proximity to other oil properties, and it being in the oil field, the value of the property is largely in excess of the amount required to give this court jurisdiction.

The court, without intending to file an elaborate opinion in this case, will content itself upon this occasion merely to state its conclusions upon the merits of the controversy. The court is therefore of opinion that the plaintiffs are entitled to relief under the bill filed in this case—First, because the parties who claim under the lease executed to the South Penn Oil Company, dated on the 11th day of May, 1895, have, by the terms and provisions of that lease, forfeited their rights, and not only forfeited their rights, but have abandoned the lease; second, because the contract is void for want of mutuality, for the reason that it puts it in the power of the lessee to terminate the lease at will, and thereby confers the same power upon the lessor. This principle is well settled by numerous decisions, both in our own courts, as well as courts of other states. 12 Am. & Eng. Enc. Law, 757; Kelly v. Waite, 12 Metc. (Mass.) 300; 2 Bl. Comm. 146; Guffey v. Hukill, 34 W. Va. 49, 11 S. E. 754, 8 L. R. A. 759; Roberts v. Bettman, 45 W. Va. 143, 30 S. E. 95; Eclipse Oil Co. v. South Pennsylvania Oil Co. (W. Va.) 34 S. E. 923.

For the reasons assigned, the court is of opinion that the prayer of the bill should be granted; that the lease to the South Penn Oil Company, of May 11, 1895, should be canceled and held for naught; and that the lease to M. G. Zinn, of May 16, 1899, is also void for want of mutuality, and was forfeited for nonpayment of rental, and should be canceled and held for naught; and the injunction should be perpetuated, restraining and inhibiting all those claiming under said leases from further operating or asserting any rights under them.