### BUFFALO MERCHANTS' DELIVERY CO. v. FRONTIER TELEPHONE CO.

(Supreme Court, Special Term, Erie County. October, 1908.)

1. TELEGRAPHS AND TELEPHONES (§ 33*) — MUNICIPAL REGULATIONS — CONTRACTS.

Where a telephone company voluntarily enters into a contract with a city conferring on the company rights in the public streets, and in consideration thereof fixing maximum rates for service, the company recognizes the right of the city to fix the rates, and may not repudiate the part of the agreement limiting the rates on the ground that the municipality is not authorized to fix them.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 21; Dec. Dig. § 33.*]

2. TELEGRAPHS AND TELEPHONES (§ 33*)—CONTRACTS FOR SERVICE—VALIDITY.

Where a private citizen, for whose benefit a contract is made between a city and a telephone company fixing maximum rates for telephone service, voluntarily and with knowledge of the facts contracts with the company for service at a different rate than that prescribed by the municipal franchise, he cannot repudiate his contract and demand a different service at a different rate by virtue of the franchise, on the ground that the company is bound by its franchise to render the service demanded.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 21; Dec. Dig. § 33.*]

Action by the Buffalo Merchants' Delivery Company against the Frontier Telephone Company. On application for an injunction "commanding and requiring the defendant to furnish the plaintiff with telephone service under the contract between defendant and the city of Buffalo, fixing maximum rates for telephone service upon an independent single wire, unlimited service day and night, at the rate of $48 per year, during the pendency of this action, in the place and stead of the service over the four-party wire" now rendered plaintiff by defendant, pursuant, as it appears from defendant's affidavits, to a contract entered into between said parties which the court helds to be now in force. Denied.

S. F. Moran, City Atty., for the motion.
D. J. Kenefick, opposed.

POUND, J. It has been held in the Rochester Case that, where a telephone company voluntarily enters into a contract with the city conferring rights in the public streets and in consideration thereof fixing maximum rates for service, it recognizes the right of the city to make the same, and may not repudiate that part of its agreement limiting its telephone rates as provided in the contract, on the ground that the municipality is not authorized to make it. Rochester Telephone Co. v. Ross, 125 App. Div. 76, 109 N. Y. Supp. 381. The converse of this

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proposition is also true: Where a private citizen, for whose benefit the contract is made between the city and the telephone company fixing maximum rates for telephone service, voluntarily and with full knowledge of the facts enters into a contract with the telephone company for service at a different rate than that prescribed by the municipal franchise, he cannot, while said contract is still in force, elect to repudiate his contract and demand a different service at a different rate, by virtue of the franchise, in place and stead of the service he has contracted for, on the ground that the telephone company is bound by its franchise to render the service demanded at the more favorable rate.

As it has been held that the telephone company may, by entering into a voluntary agreement with the city fixing maximum rates, be estopped from questioning the authority of the city to enter into such agreement, so I hold that the citizen may, by entering into a contract with the telephone company, be estopped from questioning the authority of the company to make such contract with him. Plaintiff has recognized the right of the telephone company to make the contract now in force between it and defendant, and the policy of the law denies that a man may take inconsistent positions, repudiate his acts, and disturb an agreement voluntarily made by him with full knowledge of the facts, although his present claim, asserted independently of his contract, may in fact be legal.

Motion denied.