[No. 9532.   Department One.   July 14, 1911.]

THE STATE OF WASHINGTON, *on the Relation of J. A. Dennison, Respondent,* v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

CARRIERS—REGULATIONS—FRANCHISE—FARES — LIMITS OF CITY — EXTENSION. A franchise limiting the fare that may be charged by a street railway company for a continuous passage between points within the city limits applies to the city limits as they may thereafter be extended by the annexation of new territory.

EVIDENCE—PAROL EVIDENCE—STREET RAILWAY FRANCHISE—EXPLANATION. An unambiguous franchise limiting the fare that may be charged by a street railway company for a continuous passage between points within the city limits cannot be varied or explained by parol evidence of a contemporaneous agreement that the limitation should not apply to territory that might thereafter be annexed to the city.

CARRIERS—REGULATION—FRANCHISE—FARES—CHARACTER OF ROAD. A city may grant a franchise for ordinary street railway service limiting the amount that may be charged for a continuous passage between points within the limits of the city, although the railway was an interurban line; hence, in litigation over the matter, it is not error to refuse to allow its interurban character to be shown.

Appeal from a judgment of the superior court for King county, Webster, J., entered November 22, 1910, upon findings in favor of the plaintiff, after a trial on the merits in a mandamus proceeding.   Affirmed.

*Morris B. Sachs* and *Will H. Thompson,* for appellant.

*Scott Calhoun* and *H. D. Hughes,* for respondent.

PARKER, J.—The relator commenced this action in the superior court for King county to compel the Seattle, Renton & Southern Railway Company to carry passengers, upon payment of a five-cent fare, over its line of railway the entire distance between the southerly limits of the city of Seattle and the northerly terminus of the railway company's line in the

[1]Reported in 116 Pac. 638.

business center of the city.    A trial before the court resulted in a judgment against the railway company as prayed for. The railway company has appealed.

The facts upon which the rights of the parties rest may be briefly summarized as follows:  The appellant railway company has, since long prior to the year 1907, owned and operated a line of railway, extending from the business center of Seattle southerly to the city limits and several miles beyond to the town of Renton.  Prior to April, 1907, its line of railway within the city had been operated under franchises granted by the city over its streets.  In April, 1907, the city passed a franchise ordinance which became operative and took the place of prior franchise ordinances under which appellant had maintained and operated its railway within the city.    This new Ordinance was No. 15,919, and entitled: "An ordinance granting to William R. Crawford, his successors and assigns, a franchise to construct, maintain and operate a system of street railways in the city of Seattle."    It was under the provisions of this franchise that the relator sued for and obtained the relief granted by the trial court in this action.    After granting the right to maintain and operate "a street railway within the city of Seattle" upon certain designated streets extending from the business center of the city to the southern city limits, there is contained in, and made a part of, the franchise certain conditions and restrictions, among which are the following:

"FARES:  The grantee, his successors and assigns, may establish and take a passenger fare or toll which shall not exceed the sum of five cents for a single continuous ride one way over any line or lines owned, controlled or operated by the grantee, his successors and assigns, between points situated within the city limits, of either the city of Seattle or the town of Columbia, although a transfer or transfers shall be necessary."

Appellant's railway passes for a short distance through the town of Columbia, between the business center and southern limits of the city, which accounts for the reference to the

town of Columbia in this provision.  In September, 1907, after the granting of this new franchise, there became annexed to and a part of the city of Seattle additional territory, bounding its corporate limits upon the south, through which annexed territory appellant's railway runs.  The relator resides in, and has considerable property in, this annexed territory and near appellant's line of railway.

It is contended by counsel for appellant that the provisions in this franchise relating to the carrying of passengers for a five-cent fare between points within the city limits imposes no obligation upon it as to the amount of fare it may charge except within the city limits as they existed at the time of the granting of the franchise in April, 1907, and that that provision has no application to territory annexed to the city thereafter.  It seems to us that our decision in the case of *Peterson v. Tacoma R. & Power Co.*, 60 Wash. 406, 111 Pac. 338, completely answers this contention.  In that case it was held that a franchise provision restricting the amount of fare within the city limits which a railway company operating under such franchise might charge became applicable to territory thereafter annexed to the city, the same as to territory within the city at the time of the granting of the franchise. The provision here involved is no more favorable to appellant in this case than the provision in the *Peterson* case was to the railway company there affected.  Indeed, when the two provisions are critically compared, this seems to even more plainly support the relator's contention.  The question was critically reviewed in that case, and we deem it unnecessary to do more than refer to and reaffirm the views there expressed.  Counsel for appellant insists, however, that this case is distinguishable from the *Peterson* case by reason of certain facts, which we will briefly notice.

Upon the trial, counsel for appellant offered oral evidence tending to show that, at the time of the granting of this franchise, it was understood between the city and the appellant that the five-cent fare limitation in the franchise should

not be held to apply to territory which might thereafter become annexed to the city. The facts thus sought to be proven consisted only of the oral discussions and negotiations between the representatives of the city and appellant, prior to the actual passage of the franchise ordinance. The exclusion of this evidence is claimed to be erroneous. We think the court was clearly right in this ruling. The provision restricting the amount of fare within the city limits to five cents is not ambiguous, and hence, not susceptible of explanation by oral evidence of negotiations leading up to its adoption by the contracting parties.

It is contended that appellant's line of railway is an interurban railway, and hence, not subject to the five-cent fare restriction of the franchise beyond the limits of the city as they existed at the time of the granting ·of the franchise by the city. It may be conceded that the railway is, and has been at all times, an interurban railway, in so far as it serves the public by carrying passengers to and from points outside of the city, and that as such a railway it cannot be controlled by the city or by this franchise as to the fare charged for such service. It does not follow, however, that the railway is not a street railway and subject to control as such by the city within the city limits, so far as the carriage of passengers within the city limits is concerned. If it is performing the service of an ordinary street railway under a franchise granted by the city, within the city limits, as to that service it is a street railway, though it may also be an interurban railway as to the service it renders in carrying passengers to and from points beyond the city limits. The franchise agreement was, as we have noticed, that within the city limits the fare "shall not exceed the sum of five cents for a single continuous ride one way over any line or lines owned, controlled or operated by the grantee." Indeed, under this agreement it would seem to be of no consequence what the technical nature of the railway may be. It is difficult to see why even an ordinary

steam railway might not enter into such a contract and be bound thereby.

Counsel for appellant sought to bring into the case, by supplemental answer, the fact that the state railroad commission has assumed jurisdiction over appellant's railway, and made some regulations as to its service outside of the city limits. The trial court declined to notice this fact, evidently regarding it as immaterial, and declined to permit the filing of the supplemental answer so showing. This we think was without error. The purpose of appellant in bringing such fact into the cause was only to support its contention that its railway was an interurban railway. This, we have seen, was immaterial so far as the service of the railway here involved is concerned. Other contentions of counsel for appellant are disposed of by what we have already said, in so far as they require discussion.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.