GERALD MORRELL, Plaintiff, *v.* BROOKLYN BOROUGH GAS COMPANY, Defendant.

(Supreme Court, Kings Special Term, September, 1920.)

Intervention — motion by city to intervene in gas consumer's suit — Code Civ. Pro., § 449.

A motion by the city of New York to intervene as a party plaintiff in a gas consumer's suit to establish a lower rate for gas than that fixed by the gas company granted under section 449 of the Code of Civil Procedure.

MOTION by the city of New York to intervene as party plaintiff in the above entitled action.

William P. Burr, corporation counsel, for motion.

Bassett, Thompson & Gilpatric, for defendant, opposed.

SCUDDER, J.  The city of New York moves to intervene as party plaintiff.  The nature of the action is considered in the opinion handed down herewith on the motion for injunction pending the action.  It seems to me that the city's right to intervene is dependent on the question whether the city itself might have brought an action in behalf of the plaintiff Morrell and other consumers to enjoin the defendant gas company from enforcing the payment of an excessive rate for gas.

The question is a novel one.  The consent given by a city or other municipal corporation to a gas corporation to lay its pipes in public streets is a franchise and confers a property right upon the gas corporation.  Such use of public highways, however, is not granted solely for the pecuniary advantage of the corporation, but it is also granted for the public purpose of enabling the city's inhabitants to obtain gas.  The franchise constitutes a contract between the city and the gas corporation for the benefit of the inhabitants or consumers of gas, and where by the terms of the franchise the corporation undertakes to furnish gas at a specified rate, the inhabitants of the city may maintain an action against the corporation to enforce compliance therewith.  *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 id. 40.  In absence of any provision in the franchise as to the rate at which

gas is to be sold, it seems to me, that an undertaking by the corporation to furnish gas at a fair and reasonable rate must necessarily be implied from the acceptance and enjoyment of the franchise by the corporation.

The city acts as trustee for the inhabitants in entering into such contract with the gas corporation, and remains custodian and guardian of their collective contract right to have gas furnished at a reasonable rate.

The city as trustee may sue the gas corporation to enforce the latter's agreement to supply gas at a reasonable rate which arises from the acceptance and enjoyment of its franchise to maintain its pipes in the public streets. Section 449 of the Code of Civil Procedure provides that an action may be maintained in the name of a trustee of an express trust, and that a person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust.

For the reasons above stated, it seems to me that the city should be allowed to intervene as party plaintiff in the present action.

Motion granted.