## STATE OF WASHINGTON ex rel. CITY OF SEATTLE v. PACIFIC TELEPHONE & TELEGRAPH CO. et al.

(District Court, W. D. Washington, N. D. September 5, 1924. On Motion for Rehearing on Motion to Remand, October 20, 1924.)

### No. 413.

**1. Mandamus ⟨=⟩1 — Nature of proceeding stated.**

Mandamus is a high prerogative writ and extraordinary remedy, where usual and ordinary methods of procedure are powerless, and where without its aid there would be a failure of justice; existence of a perfect legal right and the absence of a specific legal remedy being essential.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mandamus.]

**2. Mandamus ⟨=⟩1 — Action at law and not in equity.**

Mandamus is an action at law, and cannot be granted in equity.

**3. Mandamus ⟨=⟩27, 71 — Proper remedy to enforce specific ministerial act.**

Mandamus is a proper remedy to enforce a specific ministerial act.

**4. Mandamus ⟨=⟩7 — Granting of writ discretionary with court.**

A writ of mandamus is not a matter of right, but is awarded in discretion of court, unless a clear legal right is shown, or a statutory duty, which is clear and undisputable, and there is no other legal remedy.

**5. Removal of causes ⟨=⟩4 — Form of action not controlling as to removability.**

In ascertaining whether a mandamus proceeding can be removed to the federal court, the form of the action is not controlling, but the court must look beyond to purpose of action.

**6. Municipal corporations ⟨=⟩593 — Public utility's right to use streets under permit is subject to state's control.**

City, by virtue of grant from state, has exclusive control of streets, and may permit occupancy at sufferance or by license, or may make use conditional on public utility's agreement to furnish service at agreed rate, in which case the right to use the streets is contractual, subject only to state's control, since the state has power to take from cities the right to control streets.

**7. Removal of causes ⟨=⟩4 — City's proceeding to compel telephone company's compliance with franchise held removable.**

Proceeding by state, on relation of city, to require telephone company to comply with conditions of franchise and to desist from threatening discontinuance of service to customers who fail or refuse to pay increased rates, could be removed to federal court because of diversity of citizenship, being an equitable proceeding, and not a mandamus proceeding.

**8. Removal of causes ⟨=⟩36 — Federal court's jurisdiction cannot be defeated by joining formal or unnecessary parties.**

Federal court's jurisdiction cannot be defeated by joining formal or unnecessary parties.

**9. Removal of causes ⟨=⟩36 — Right to removal of suit against corporation could not be defeated by joining as defendants employees of corporation.**

City, suing telephone company to compel it to comply with franchise terms as to rate, and to desist from threatening to discontinue service of those who refused to pay increased rate, could not defeat jurisdiction of federal court on ground of diversity of citizenship by joining employees of telephone company as defendants; such employees being unnecessary parties.

In Equity. Proceeding by the State of Washington, on the relation of the City of Seattle, against the Pacific Telephone & Telegraph Company and others. Suit removed from State Court. On motion to remand. Motion denied.

This proceeding, in form mandamus, was instituted upon affidavit of the mayor of the plaintiff city, setting out foreign corporate entity of the defendant and doing business in this state as a public service company operating telephone lines, etc., and the granting of a franchise by the plaintiff city to one McGroarty and others to construct and maintain a telephone system over, upon, and under the streets, alleys, and public highways of Seattle, and acceptance thereof and the transfer by mesne conveyances of such franchise to the defendant; that pursuant to the provisions of the franchise the grantees and successors have constructed and maintained, and now operate and maintain, a telephone system within the city of Seattle; that the defendant has no other franchise from the city of Seattle. It is then alleged "that said defendant has acquired from time to time

other telephone lines, facilities, and equipment which have been so commingled, consolidated, and confused with the franchise property as to be incapable of being disassociated or disassembled therefrom." It is alleged that the ordinance provided certain maximum charges for use of telephones. The ordinance was passed January 21, 1901, and was duly accepted by the grantee February 14, 1901.

It is stated that "on the 29th of December, 1911, the Public Service Commission of Washington, a rate-regulating body, established by the 'Public Service Commission Law of Washington,' in its cause No. 31, * * *" authorized the rates provided in said ordinance to be increased, not to exceed certain therein specified amounts, and on the 5th day of August, 1916, a further increase not exceeding specified amounts was ordered, which rates were on the 1st day of September, 1916, embodied in a tariff filed with the Public Service Commission of Washington; that the rates established by the said ordinance, "as so modified by said orders of the Public Service Commission, have never since been changed or modified"; that said rates are still the lawful rates authorized by law to charge within the city; that on or about the 5th day of November, 1917, during the period of "federal wire control," certain officials of said company, acting on behalf of the federal government, which was at that time in control of the entire plant and system of said company, issued a letter to the Public Service Commission of Washington and filed a pretended new tariff; that the Public Service Commission assumed jurisdiction, held a hearing, and made an order approving such tariff; that said tariff was set aside by the Supreme Court of the state (110 Wash. 130, 188 Pac. 7) and held ineffective; that the federal wire control was terminated on or about August 1, 1919, and said system returned to the defendant company; that the company filed no new tariff conforming to the war schedule or tariff, and about August 1, 1919, filed a petition with the Public Service Commission seeking permission to continue in effect such rates; that an ex parte order was entered approving such rates; that on the 4th of August, 1919, the defendant designated and adopted the "Burleson tariff" as its tariff, and that no order has been entered authorizing a rate higher than the "Burleson tariff".; that on or about the 20th of September, 1922, the company issued and filed with the Department of Public Works of Washington, successor to the Public Service Commission, a proposed new tariff and schedule of rates to be effective November 1, 1922; that the plaintiff complained of said rates, and its complaint was consolidated in cause No. 5344 of the files of said Department of Public Works, and thereafter hearings were had in respect to such complaint and on the 31st day of March, 1923, the department denied the proposed increase; that on the 28th day of April, 1923, the defendant presented and attempted to file with said Department of Public Works a pretended new tariff to be effective May 1, 1923; that, the city having complained of said new and pretended tariff, its complaint being docketed in cause No. 5547 of the files of said Department of Public Works, and on the 24th of October, 1923, after hearing, the new tariff increase was denied; that Ordinance No. 6498, granting the franchise and fixing the rates, contained valuable covenants as to consideration for granting the franchise, among which was one that the "franchise holder shall from time to time place its telephone equipment and system underground within such areas as may be specified by the city council, and shall in all cases where excavations are made in public streets restore the same at its expense," etc.; that on the 3d day of May, 1923, the defendant, "with intent to retain the benefits of the franchise and relieve itself of its contractual obligations to the city and in violation of section 8, art. 12, of the Constitution of the state of Washington, sought to alienate the franchise above mentioned, so as to release the property held thereunder from the liabilities and obligations incurred in respect thereof by executing an assignment of said franchise to one F. H. Crosby, of San Francisco, California, without transferring therewith the franchise property in respect to which the said defendant was under contractual obligations to the city; * * * that said assignment was in violation of the state Constitution, has never been consented to by the city, and was a colorable transfer of said franchise only, and made with intent to escape the said defendant's contractual relationship with the city and in defiance of the constitutional provision hereinbefore mentioned; that in fact said F. H. Crosby is an agent of said defendant corporation and still holds said franchise in trust for said defendant, * * * and that therefore said pretended severance and assignment of said franchise are null and void, and said company is still obligated thereby"; that defendants have announced that they will no longer be bound by said franchise, and will on the 1st day

of August, 1924, put into force and effect an increased schedule of rates; "that the defendants William J. Phillips and Charles O. Myers, and each of them, intend to, and threaten to, issue orders to the company's employees to discontinue the telephone service of all telephone users, including the city, its citizens, and other residents similarly situated who refuse or neglect to pay the said increased rates prescribed by said pretended tariff"; that Myers is local manager of the defendant company, and Phillips is the resident division commercial superintendent of said company, and are charged with the active administration of the business and affairs of said company in the city of Seattle, and both are citizens of the state of Washington and residents of the city of Seattle; that on the 30th of April, 1923, the city council passed Ordinance No. 45054, entitled "An ordinance relating to and providing for participation in certain telephone litigation now pending in the District Court of the United States for the Western District of Washington, and for the bringing by the corporation counsel of any suit by him deemed necessary against the Pacific Telephone & Telegraph Company, a corporation," which said ordinance is in full force and effect; that plaintiff has not a plain, speedy, and adequate remedy in the ordinary course of law, and prays that an alternative writ requiring the defendants to forthwith comply with the provisions "and valuable undertakings contained in the hereinbefore mentioned franchise," and to furnish telephone service to the city of Seattle and its citizens and other residents similarly situated at rates not in excess of those prescribed by Ordinance 6498, as modified by the Public Service Commission in its cause No. 1825, and to desist from threatening to discontinue the telephone service of the city, its citizens, and other residents who fail or refuse to pay the increased rate, and prays a peremptory compliance with the provisions of said ordinance, as modified by the order of the Public Service Commission in its cause No. 1825, and in no event at a maximum rate in excess of those set forth in the "Burleson tariff," consented to by the Public Service Commission as of August 1, 1919, and pretended to have been adopted by the company on August 4, 1919.

Upon this affidavit an alternative writ was issued by one of the judges of the state superior court. Thereupon a petition for removal was filed, alleging jurisdictional facts, diversity of citizenship, and the fact that the defendants Phillips and Myers were merely agents and employees of the defendant, at no time had any interest in the suit, and that they were not necessary parties. Bond was filed, and the cause in due course removed to this court. A motion to remand is filed, on the ground that this court is without jurisdiction; that the action is of mandamus, and is not "a suit of a civil nature at law or in equity," within the meaning of the Removal Act; and that the controversy is not wholly between citizens of different states.

Thomas J. L. Kennedy, Corp. Counsel, and Walter B. Beals and George A. Meagher, Asst. Corp. Counsel, all of Seattle, Wash., for plaintiff.

Chadwick, McMicken, Ramsey & Rupp, of Seattle, Wash., Post, Russell & Higgins, of Spokane, Wash., Pillsbury, Madison & Sutro, of San Francisco, Cal., for defendants.

NETERER, District Judge (after stating the facts as above). [1-4] Mandamus is a high prerogative writ. 3 Bla. Com. 110; Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60. It is an extraordinary remedy, where the usual and ordinary modes of procedure are powerless, and where without its aid there would be a failure of justice. Virginia T. & C. S. & I. Co. v. Wilder, 88 Va. 942, 14 S. E. 806. It has been termed a "criminal process relative to civil rights." Lord Mansfield, in Rex v. Barker, 3 Burr. 1265, said: "It was introduced to prevent disorder from failure of justice and defect of police," and "if there be a right and no other specific remedy this should not be denied." It is the absence of a specific legal remedy which gives the court jurisdiction. Com. v. Common Council, 34 Pa. 496. But the party must have a perfect legal right. Williams v. Cooper, 27 Mo. 225. It is an action at law between the parties. Kentucky v. Dennison, 65 U. S. (24 How.) 66, 16 L. Ed. 717. It cannot be granted in equity. Smith v. Bourbon, 127 U. S. 105, 8 Sup. Ct. 1043, 32 L. Ed. 73; People v. Olds, 3 Cal. 167, 58 Am. Dec. 398. There must be a positive ministerial duty, and no appropriate remedy to enforce it. State v. Knight, 31 S. C. 81, 9 S. E. 692; Shine v. Railroad Co., 85 Ky. 177, 3 S. W. 18; State v. Kinkaid, 23 Neb. 641, 32 N. W. 612. It is a proper remedy to enforce a specific ministerial act. Roberts v. U. S., 176 U. S. 230, 20 Sup. Ct. 376, 44 L. Ed. 443. It will always be denied when there is other adequate remedy. State v. Hamil, 97 Ala. 107, 11 South. 892; County of San Joaquin, etc.,

v. Superior Court, 98 Cal. 602, 33 Pac. 482. The writ is not a matter of right, but is to be awarded in the discretion of the court (People v. Croton, etc., 49 Barb. [N. Y.] 259; Wiedwald v. Dodson, 95 Cal. 450, 30 Pac. 580), unless a clear legal right is shown, or a statutory duty which is clear and undisputable, and there is no other legal remedy (Ill. Central Ry. Co. v. People, 143 Ill. 434, 33 N. E. 173, Bayard v. U. S., 127 U. S. 248, 8 Sup. Ct. 1223, 32 L. Ed. 116). It is a remedy to compel performance of a duty fixed by law; no other adequate remedy being afforded, the duty being clear and undisputable. State ex rel. Krutz v. Wash. Irr. Co., 41 Wash. 283, 83 Pac. 308, 111 Am. St. Rep. 1012.

[5-7] The form of the action is not controlling. The court must look beyond to the purpose of the action (State of Ind. v. Allegheny Oil Co. [C. C.] 85 Fed. 870; State of Iowa v. C., B. & Q. R. Co. [C. C.] 37 Fed. 497 [Justice Brewer]; Illinois v. Ill. Central Ry. Co. [C. C.] 33 Fed. 721 [Justice Harlan]); and police provision or license in an ordinance may also contain contract provisions, the essential right or power of either not being changed (Pittsburgh, C. & S. L. Ry. Co. v. Hood, 94 Fed. 618, at page 624, 36 C. C. A. 423 [Justices Taft, and Lurton and Judge Clark]). This court, in Schoenfeld v. City of Seattle, 265 Fed. 726 at page 732, said: "The control of the streets in the city is exclusive; its power is plenary"

This power is a grant from the state. The state has the power to give and it has the power to take away. The city has the power to permit the streets to be occupied at sufferance or by license. If at sufferance it may under its general police power regulate the occupancy in the interest of the common welfare and for the general public good, or it may limit the manner of use within its general power as a condition to its occupancy for the common welfare, and may combine with the exercise of this power the condition that public service be furnished at a specified and agreed rate, and upon acceptance such condition becomes a contract enforcible by either party subject only to control by the state. At the time of the enactment of the ordinance in issue the city had the right to fix the charges to be made by the grantees of the telephone franchise for the service to be rendered to the city and its residents. This could be lost only by the intervention of the state (State ex rel. Ellertsen v. Home T. & T. Co., 102 Wash. 196, 172 Pac. 899), and when the Public Service Commission of Washington in December, 1911, assumed control and fixed rates or tariffs for telephone service in the city, the right to fix and regulate rates rested in the Department of Public Works, successor to the Public Service Commission. The franchise obligation between the city and the defendant company was a contract until the bond was cut by the state. State ex rel. Ellertsen, supra.

Looking at the petition and affidavit of the plaintiff, we find a franchise granted which limited the charges for use of phones, and which franchise was afterwards acquired by the defendant, its telephone system constructed and maintained thereunder, "other telephone lines, facilities, and equipment" acquired by the defendant, and so "commingled, consolidated, and confused with the franchise property as to be incapable of being disassociated or disassembled therefrom." We therefore have franchise and nonfranchise property, and the franchise transferred in trust, it is alleged, to another, without any of the franchise appliances or telephone system for the purpose of avoiding the contract obligation, and the increase of rates over the contract ordinance rate by the Public Service Commission of Washington (Department of Public Works), and the establishment of the "Burleson tariff" war rate without right, and the maintenance of the unlawful rate by the defendant for approximately five years, and the threat to further increase rates on the 1st of August ensuing, and the prayer in substance that the contract relation to the ordinance be re-established and extended over the entire system of the defendant, including the "commingled" and "consolidated" property, and that a rate be established by the court, using as a basis the rate fixed by the ordinance increased by the Public Service Commission, and not a higher rate than that established by the "Burleson tariff" war rate— establish a reasonable rate.

There is no positive, perfect, legal right, definite and determined; no clear and undisputable duty fixed by law or order. The relation of duty is inchoate and requires the application of judicial findings and decree to establish. There is no legislative act touching a public duty. State ex rel. Seattle v P. S. T. L. & P. Co. (D. C.) 243 Fed. 748. That the relation created by the ordinance and orders and that the issue of this action is contractual is confirmed by the prayer in the petition, which is a guide for the relief sought (Cum. Tel. & Tel. Co. v.

Hickson, 129 Ky. 220, 111 S. W. 316), and the conduct of the plaintiff.

The court judicially knows that the plaintiff city, through its legal department, in the litigation now pending in this court (Pacific T. & T. Co. v. Dept. of Public Works, 2 F. [2d] ——; Id., 265 U. S. 196, 44 Sup. Ct. 553, 68 L. Ed. 975), appeared before the court composed of three judges (section 266, Judicial Code [Comp. St. § 1243]), and asserted by affidavit and argument the contractual relation between the defendant and the city, and urged duty of defendant here, plaintiff there, to specific performance of such obligation. At bar it is stated that the city did not appear; that the city's legal department appeared on behalf of the Attorney General of the state. Separate briefs were filed by the state and by the city of Seattle, city of Spokane, and city of Tacoma through their several legal departments, urging the contractual relation of each to the defendant here by reason of their respective ordinances, and praying specific performance as against the relief sought by the plaintiff there, defendant here. Extended argument was made by the legal departments of the state and the several cities. It is immaterial that the city appeared through the state on the relation of the Department of Public Works. This action is prosecuted by the state on the relation of the city. Ordinance No. 45054 of the plaintiff city authorized, empowered, and directed the city's legal department to appear in the litigation then pending in this court. The issue here pending—rates—is properly an issue in that action, in which a temporary injunction has been issued.

Consideration of the ordinance in issue and the orders of the Public Service Commission and Department of Public Works was given by the three-judge court, composed of two Circuit Judges and one District Judge. The writer, as a member of that court, did not agree with the conclusion of the majority, believing that the court should be convinced beyond a reasonable doubt of the necessity (Paul Steam System Co. v. Paul [C. C.] 129 Fed. 757), and in the exercise of sound discretion manifestly just in view of all existing circumstances disclosed by the record (Society of Sisters of the Holy Name, etc., v. Pierce [D. C.] 296 Fed. 928), a question of doubt was created (Brooklyn Baseball Club v. McGuire [C. C.] 116 Fed. 782; Anargyros & Co. v. Anargyros, 93 C. C. A. 241, 167 Fed. 753), and that the function of a preliminary injunction primarily is to preserve the status

quo (Nat. Commodities Co. v. Viret [C. C. A.] 296 Fed. 664), and the rate having been in force for several years, and a speedy trial could be had, and a doubtful issue in relation to depreciation, surplus fund, and the 4½ per cent. contract with the parent company, and the issue of law on schedule of rates fixed by ordinance, and a majority of the Public Service Commission having sustained the old rate, the unusual proceeding of issuing a temporary injunction (Northwestern Bell Tel. Co. v. Hilton [D. C.] 274 Fed. 384) should not be adopted and the status quo disturbed.

The conclusion of the majority of the court was that it appeared upon the record that in all probability the litigation would result in an increase of the present rates, and adopted the view of the District Court in Northwestern Bell Telephone Co. v. Hilton, 274 Fed. 384, appreciating that if the rates are finally increased the plaintiff will be irreparably injured if the injunction is denied, and if the rates are not increased the subscribers could be protected by a bond requiring the repayment of any excess of rates collected over the rates as finally determined. Consideration was therefore given by the three-judge court, two members of which are judges of the Circuit Court of Appeals, to the ordinance here urged.

It is urged that this court, in State of Washington ex rel. Seattle v. P. S. T. L. & P. Co., 243 Fed. 748, remanded a like case under like circumstances. The issues are entirely dissimilar. At page 752 the court said: "In the instant case the only issue presented is whether there is just excuse for not operating the railway." There was a positive, perfect, legal right, clear and undisputable duty fixed by law, a legislative act touching a public duty. The question of contract or charges was not involved. In the instant case the defendant is operating the utility, and the charges for use are the issue, and these are not determined and fixed. This action is clearly a proceeding in equity. In re State ex rel. Ellertsen, supra, the franchise obligation had not been abrogated by the Public Service Commission, and the procedure was not challenged.

[8, 9] Myers and Phillips are clearly not indispensable parties, and jurisdiction cannot be defeated by joining formal or unnecessary parties. Salem Trust Co. v. Mfrs. Finance Co., 264 U. S. 182, 44 Sup. Ct. 266, 68 L. Ed. 628. They have no interest in this litigation as disclosed by the record; they are mere employees (Pond v. Sibley [C. C.] 7 Fed. 129) and may be discharged

at any time. Any decree binding the defendant company would bind the employees. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122. No relief is sought against the said individual defendants, and the act complained of is the act of the defendant company. Venner v. S. P. Co. (C. C. A.) 279 Fed. 832. There is no point of approach from which the court can conclude other than to deny the motion to remand. Appended are the cases cited by the respective parties, all of which have been examined, but time will not permit an analysis or application, nor would a good purpose be served thereby.

The motion to remand is denied.

### Authorities Cited by Plaintiff.

Section 28, vol. 5, Fed. Stat. Ann. p. 16 (Comp. St. § 1010); Little York Gold Washing, etc., Co. v. Keyes, 96 U. S. 199, 24 L. Ed. 656; Kentucky v. Powers, 201 U. S. 1, 26 Sup. Ct. 387, 50 L. Ed. 650, 5 Ann. Cas. 692; Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743; Wilkinson v. Nebraska, 123 U. S. 286, 8 Sup. Ct. 120, 31 L. Ed. 152; Western Union Tel. Co. v. State, 165 Ind. 492, 76 N. E. 100, 3 L. R. A. (N. S.) 153, 6 Ann. Cas. 880; State v. Flannelly, 96 Kan. 833, 154 Pac. 235; Fletcher v. Hamlet, 116 U. S. 408, 6 Sup. Ct. 426, 29 L. Ed. 679; Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962; Wilson v. Oswego Township, 151 U. S. 56, 14 Sup. Ct. 259, 38 L. Ed. 70; Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823; Blake v. McKim, 103 U. S. 336, 26 L. Ed. 563; Ayers v. Chicago, 101 U. S. 184, 25 L. Ed. 838; Wilson v. Big Joe Block Coal Co., 135 Iowa, 531, 113 N. W. 348, 14 Ann. Cas. 266; Diamond State Tel. Co. v. Blake, 105 Md. 570, 66 Atl. 631; Heffelfinger v. Choctaw, etc., R. Co. (C. C.) 140 Fed. 75; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730, 29 L. Ed. 899; Rosenthal v. Coates, 148 U. S. 142, 13 Sup. Ct. 576, 37 L. Ed. 399; Western Union Tel. Co. v. Louisville & N. R. Co. (D. C.) 201 Fed. 932; Harley v. Firemen's Fund Ins. Co. (D. C.) 245 Fed. 471; Plant v. Harrison (C. C.) 101 Fed. 307; Groel v. U. S. Elec. Co. (C. C.) 132 Fed. 252; State ex rel. City of Seattle v. Pug. Sound Traction, Light & P. Co. (D. C.) 243 Fed. 748; 3 Blackstone, Commentaries, 110; Thompson v. Central Ohio R. Co. et al., 6 Wall. 134, 18 L. Ed. 765; Robinson v. Campbell, 3 Wheat. 212, 4 L. Ed. 372; Kendall v. United States, 12 Pet. 524, 9 L.

Ed. 1181; 19 Am. & Eng. Ency. Law, p. 876; Richmond Ry. & Elec. Co. v. Brown, 97 Va. 26, 32 S. E. 775; People ex rel. Jackson v. Suburban R. Co., 178 Ill. 594, 53 N. E. 349, 352, 49 L. R. A. 650; State ex rel. City of Vincennes v. Vincennes Traction Co., 187 Ind. 291, 117 N. E. 961; People ex rel. Brush v. N. Y. Suburban Water Co., 38 App. Div. 413, 56 N. Y. Supp. 364; Willcox et al. v. Richmond L. & R. Co. et al., 142 App. Div. 44, 128 N. Y. Supp. 266, 270; Gas & Elec. S. Co. v. Manhattan & Q. Tr. Corp. (C. C. A.) 266 Fed. 625, 636; Potter v. Calumet Elec. St. Ry. Co. (C. C.) 158 Fed. 521, 528; State ex rel. Bristow v. Landon, 100 Kan. 593, 165 Pac. 1111; Com. Union Tel. Co. v. New England Tel. & Tel. Co., 61 Vt. 241, 17 Atl. 1071, 5 L. R. A. 161, 15 Am. St. Rep. 893; N. P. R. Co. v. Washington, 142 U. S. 492, 12 Sup. Ct. 283, 35 L. Ed. 1092; Richmond Ry. & Elec. Co. v. Brown, 97 Va. 26, 32 S. E. 775; sections 1014, 1015, Rem. Comp. Stat.; State ex rel. Ellertsen v. Home Tel. & Tel. Co., 102 Wash. 196, 172 Pac. 899; Board of Trustees v. State, 175 Ind. 147, 93 N. E. 851; City of Bridgeton v. Bridgeton & Millville Traction Co., 62 N. J. Law, 592, 43 Atl. 715, 45 L. R. A. 837; City of Emporia v. Emporia Ry. & Light Co., 92 Kan. 232, 139 Pac. 1185; Potwin Place v. Topeka Ry. Co., 51 Kan. 609, 33 Pac. 309, 37 Am. St. Rep. 312; Rutherford v Hudson River Traction Co., 73 N. J. Law, 227, 63 Atl. 84; State ex rel. Grinsfelder v. Spokane St. Ry Co., 19 Wash. 518, 53 Pac. 719, 41 L. R. A. 515, 67 Am. St. Rep. 739; State ex rel. Lewis v. Hodge, 90 Wash. 487, 156 Pac. 404; People v. N. Y. C. & H. R. R. R. Co., 28 Hun, (N. Y.) 543; State ex rel. J. A. Dennison v. Seattle, Renton & So. Ry. Co., 64 Wash. 167, 116 Pac. 638; State ex rel. Linhoff v. S. R. & S. Ry. Co., 62 Wash. 544, 114 Pac. 431; State ex rel. City of Seattle v. S. & R. V. Ry. Co., 113 Wash. 684, 194 Pac. 820, 15 A. L. R. 1194; Bailey on Habeas Corpus, etc., vol. 2, pp. 776, 777; Kelly v. Grand Circle W of W. (C. C.) 129 Fed. 830; Bath County v. Amy, 13 Wall. 244, 20 L. Ed. 539; Mystic Milling Co. v. Chi., M. & St. P. Ry. Co. (C. C.) 132 Fed. 289; Indiana v. Lake Erie & W. R. Co. (C. C.) 85 Fed. 1; Robinson v. Campbell, 3 Wheat. 212, 4 L. Ed. 372, 376; Thompson v. Central Ohio R. R. Co., 73 U. S. (6 Wall.) 134, 18 L. Ed. 765, 767; Smith v. Bourbon County, 127 U. S. 105, 8 Sup. Ct. 1043, 32 L. Ed. 73, 77; Moloney v. Cressler, 210 Fed. 104, 126 C. C. A. 618; Thayer et al. v.

Life Ass'n of America, W. A. Ralfe, et al., 112 U. S. 717, 5 Sup. Ct. 355, 28 L. Ed. 864; Remington, Comp. Stat. § 1026; Id. § 8966, subd. 7; Hebb v. County Court, 48 W. Va. 279, 37 S. E. 676; West Va. Northern R. Co. v. U. S., 134 Fed. 198, 67 C. C. A. 220; Schoenfeld v. Seattle (D. C.) 265 Fed. 726.

### Authorities Cited by Defendants.

State of Washington v. Tacoma Ry. & Power Co. (C. C.) 244 Fed. 989, 990; State of Indiana v. Alleghany Oil Co. (C. C.) 85 Fed. 870, 873; State of Iowa v. Chicago, B. & Q. R. Co. (C. C.) 37 Fed. 497, 498, 3 L. R. A. 554; State of Illinois v. Ill. Cent. Ry. Co. (C. C.) 33 Fed. 721, 727; State ex rel. City of Tacoma v. Tacoma Ry. & Power Co. (C. C.) 244 Fed. 989; State ex rel. Seattle v. Puget Sound Trac., Light & Power Co. (D. C.) 243 Fed. 748; North Carolina Pub. Serv. Co. v. Southern Power Co. (C. C. A.) 282 Fed. 837, 840; Salem Trust Co. v. Mfrs. Finance Co. et al., 264 U. S. 182, 44 Sup. Ct. 266, 68 L. Ed. 628; Geer v. Mathieson Alkali Works, 190 U. S. 428, 433, 23 Sup. Ct. 807, 47 L. Ed. 1122; Venner v. Southern Pac. Co. (C. C. A.) 279 Fed. 832, 839; Hatch v. Chi., Rock Is. & Pac. R. Co., Fed. Cas. No. 6,204, 6 Blatchf. 114, 115, 116; Sidway v. Mo. Land & Live Stock Co. (C. C.) 116 Fed. 381, 386; Lamm v. Parrot Silver & Copper Co. (C. C.) 111 Fed. 241, 244; King v. Beaumont (D. C.) 296 Fed. 531 (decided January, 1924); Reese v. Zinn (C. C.) 103 Fed. 97; Black's Dillon on Removal, § 85; City of Winfield v. Wichita Natural Gas Co. (C. C. A.) 267 Fed. 47, 50; Hyde v. Victoria Land Co. (C. C.) 125 Fed. 970, 973; Rogers v. Penobscot Mining Co., 154 Fed. 606, 610, 83 C. C. A. 380; Foster on Fed. Prac. (6th Ed.) p. 2957; Cumberland Tel. & Tel. Co. v. City of Hickson, 129 Ky. 220, 111 S. W. 311, 316; Pond v. New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958, 5 Ann. Cas. 504; Murray v. New York Tel. Co., 81 Misc. Rep. 636, 143 N. Y. Supp. 534; Farnsworth v. Boro Oil & Gas Co., 76 Misc. Rep. 37, 134 N. Y. Supp. 348, affirmed 216 N. Y. 40, 109 N. E. 860; Wackenhut v. Empire Gas, etc., Co. (Sup.) 166 N. Y. Supp. 29; Buffalo Merchants' Delivery Co. v. Frontier Tel. Co. (Sup.) 112 N. Y. Supp. 862; Morell v. Brooklyn Borough Gas Co., 113 Misc. Rep. 72, 184 N. Y. Supp. 656; Rochester Telephone Co. v. Ross, 125 App. Div. 76, 109 N. Y. Supp. 381; Washington County Water

Co. v. Mayor and Council of Hagerstown, 116 Md. 497, 82 Atl. 826, Ann. Cas. 1913C, 1022; City of Wheeling v. Natural Gas Co., 74 W. Va. 372, 82 S. E. 345; Maryland, etc., Co. v. Charles Simons Sons Co., 103 Md. 136, 63 Atl. 314, 115 Am. St. Rep. 346; State v. Bridge Co., 20 Kan. 404, 414; Mobile Electric Co. v. Mobile, 201 Ala. 607, 79 South. 39–42, L. R. A. 1918F, 667; Zanesville Gaslight Co. v. City of Zanesville, 47 Ohio St. 1, 23 N. E. 60; Newark v. North New Jersey St. R. Co., 73 N. J. Law, 265, 62 Atl. 1003; State v. New Orleans, etc., R. Co., 37 La. Ann. 589; City of Camden v. Public Service Co., 82 N. J. Law, 246, 82 Atl. 607; State ex rel. v. Railroad Co., 43 N. J. Law, 505, 512; State ex rel. County Commissioners v. Zanesville & Maysville Turnpike Road Co., 16 Ohio St. 308; City of Saginaw v. Consumers' Power Co., 213 Mich. 460, 182 N. W. 146; State ex rel. Krutz v. Wash. Irr. Co., 41 Wash. 283, 83 Pac. 308, 111 Am. St. Rep. 1019; Commonwealth v. Wilkes-Barre Gas Co., 2 Kulp (Pa.) 499.

### On Motion for Rehearing on Motion to Remand.

A petition for rehearing has been filed and additional authorities cited.[1] No fault can be found with these cases, but they have no application to the facts stated in the record. The affidavit of the plaintiff states the franchise of the defendant has been transferred to Crosby without the franchise property. If true, the defendant is occupying the streets of plaintiff city at sufferance. The defendant has acquired from time to time "other telephone lines, facilities, and equipment which have been so commingled, consolidated and confused with the franchise property as to be incapable of being disassociated or disassembled therefrom," and the department of public works has changed the

---

[1] Raton Waterworks Co. v. Raton, 174 U. S. 360, 19 Sup. Ct. 719, 43 L. Ed. 1005; Walkley v. City of Muscatine, 6 Wall. 481, 18 L. Ed. 930, 931; Erin Tp., et al. v. Detroit & E. Plank Road Co., 115 Mich. 465, 73 N. W. 556, 558; Moore v. Brooklyn City R. Co., 108 N. Y. 98, 15 N. E. 191; People v. R. R. Co., 24 N. Y. 261, 82 Am. Dec. 295; Thompson v. Allen County, 115 U. S. 550, 6 Sup. Ct. 140, 29 L. Ed. 472, 475; Blue Point Oyster Co. v. Haagenson (D. C.) 209 Fed. 278; Rutland Marble Co. v. Ripley, 10 Wall, 339, 19 L. Ed. 955; Western Union Tel. Co. v. Penn Co., 129 Fed. 849, 870, 64 C. C. A. 285, 68 L. R. A. 968; Texas & Pac. R. Co. v. City of Marshall, 136 U. S. 393, 10 Sup. Ct. 846, 34 L. Ed. 385; Broadway Ins. Co. v. Chicago G. W. R. Co. (C. C.) 101 Fed. 508; Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693–695; Evans v. Felton (C. C.) 96 Fed. 176.

ordinance rates. A cloud is cast upon the franchise right. Thompson v. Emmett Irr. Dist., 227 Fed. 560, 142 C. C. A. 192.

There is no positive, perfect, legal right, definite and determined, but rather a condition which a court of equity alone can unscramble, and decree definite relations. Myers and Phillips are clearly not necessary parties. They have no interest in the result of this suit.

The motion on rehearing is denied.